Paula Hart, appellant, appeals from the Cuyahoga County Court of Common Pleas' affirming of an administrative decision of the Cuyahoga Work and Training program (CWT), a division of the Cuyahoga County Department of Job and Family Services, revoking the appellant's childcare certification. Having reviewed the record and the legal arguments presented, we affirm the decision of the lower court.
On June 2, 1999, CWT notified the appellant of a proposed revocation of the CWT certificate authorizing her for public funding for her services. Specifically, the appellant was charged with fraudulent billing or accepting payment for authorized services not rendered in February and March of 1999. The appellant appealed the proposed revocation and a hearing was held on June 18, 1999. On June 28, 1999, CWT issued a decision revoking the appellant's certificate for the reason of fraudulent billing or accepting payment for authorized services not rendered or unauthorized services.
The appellant is a provider of Type B family home day care services. The appellant was certified by CWT authorizing her for public funding of her contracts with financially eligible families. To obtain payment for Type B services, CWT sends out voucher forms for each child to the child's parent. Certified providers obtain this voucher from the child's parent and, at the end of the month, the CWT provider completes the voucher by filling in the appropriate service areas. The provider then obtains the parent's signature on the completed voucher and submits it to CWT fo payment.
The fraudulent billing in regard to the appellant stems from payments received for services performed in February and March ofr 1999 for Jerome Giles, a minor child. The appellant submitted Jerome's February and March vouchers to CWT, although Jerome had withdrawn from Cleveland schools and had begun attending school in Alabama on February 23, 1999. The February voucher claimed that the appellant tended to Jerome for one hundred thirty-eight hours on twenty-four days that month and the March voucher claimed that the appellant cared for Jerome for one hundred thirty-eight hours on twenty-five days that month.[1]
Upon discovering the billing discrepancies, a CWT officer proposed revoking the appellant's certification. A hearing was held in which the appellant represented herself to determine if the charges levied against the appellant were indeed valid. Thereafter, in accordance with the CWT officer's recommendation, CWT revoked the appellant's certification. It is from this revocation that the appellant now appeals.
For the following reason the appellant's appeal is not well taken.
The appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED IN NOT FINDING THAT THE CUYAHOGA COUNTY DEPARTMENT OF WORK AND TRAINING DID NOT PROVE ALL THE ELEMENTS OF FRAUD.
The appellant, in her first assignment of error, argues that CWT did not prove the requisite elements of fraud and, as such, the trial court erred finding in favor of CWT. CWT alleged that the appellant violated O.A.C. 5101:2-14-06(C)(4) for fraudulently billing for Jerome while he was not in the appellant's care.
The standard of review for this court when reviewing a Court of Common Pleas' review of an agency decision is an abuse of discretion standard. When reviewing the order of an administrative agency, a judge applies the limited standard of review set forth in R.C. 119.12 and determines whether the order is supported by reliable, probative and substantial evidence and is in accordance with the law. R.C. 119.12; University of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110, 407 N.E.2d 1265. When reviewing a judge's determination on whether the order is supported by such evidence, the role of the appellate court is limited to the determination of whether the judge abused his discretion. Rossford Exempted Village School Dist. Rd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707, 590 N.E.2d 1240; Lorain City Rd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264,267. To find an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1.
In applying the above standard, it is clear that the trial court did not abuse its discretion in reaching its conclusion. Under O.R.C. 5104.11, CWT is required to certify for public funding homes that comply with O.R.C. Chapter 5104. and rules adopted under it. The Ohio Revised Code gives CWT the duty to certify qualifying homes and the discretion to revoke the certificate. O.A.C. 5101:2-14-26 mandates: If it is determined that a provider had fraudulently billed or accepted payment from the county department for publicly funded child care services not rendered, the provider's certification shall be revoked in accordance with rule5101:2-14-06 * * *. (Emphasis added.) Under O.A.C. 5101:2-14-06, Reasons for revocation of a certificate may include * * * (4) Fraudulent billing or accepting payment from the CDHS for authorized services not rendered or for unauthorized services; * * *.
In the case at hand, CWT determined that the appellant was not in compliance with day care law due to fraudulent billing and accepting of payment. Therefore, CWT was compelled by statute to revoke the appellant's certification. In reviewing the record, the appellant admitted to billing the county for day care for absent children; the appellant admitted to not keeping accurate records of the children's attendance; and the record is replete with contradictory statements made by the appellant in regard to services performed for Jerome. Further, the appellant admitted to billing for Jerome's care through March of 1999, even though Jerome was enrolled at a school in Alabama as early as February 23, 1999.
The Cuyahoga County Court of Common Pleas, on review, correctly found that the revocation was based on reliable, probative, and substantial evidence. There is simply no evidence in the record which would lead this court to believe that the trial court abused its discretion in affirming the decision of the CWT. The record clearly indicates that the appellant billed for services not provided to Jerome. Upon discovering that the appellant was fraudulently billing and accepting for services not rendered, CWT was under a statutory obligation to revoke the appellant's certification. The appellant's contention that CWT must prove the elements for the tort of fraud is misguided in light of the O.A.C. rules. The CWT officer had sufficient evidence to correctly conclude that pursuant to day care rules, the appellant had fraudulently billed or accepted payment for services not rendered in February and March of 1999.
Accordingly, the appellant's first assignment of error is not well taken.
The appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED IN NOT RULING THAT CUYAHOGA COUNTY DEPARTMENT OF WORK AND TRAINING FAILED TO AFFORD THE APPELLANT DUE PROCESS OF LAW.
A review of the record clearly demonstrates that the appellant's second assignment of error is without merit. The appellant chose to represent herself at the administrative hearing, even though she was well aware of her right to have an attorney represent her. CWT did not call her to testify, but at the conclusion of the CWT evidence, the appellant volunteered to testify on her behalf which, in turn, opened the door for CWT to question the appellant concerning the irregular billing and payment acceptance for services rendered. The appellant's testimony clearly demonstrates an understanding of the nature of the proceedings and the possible repercussions to follow. The appellant's argument that her due process rights were violated is without merit.
Accordingly, the appellant's second assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, J., CONCURS. KARPINSKI, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.
[1] The appellant apparently obtained the signature of Jerome's parent on the voucher before the services were actually rendered to Jerome. By obtaining the signature beforehand, the appellant was able to submit the voucher for services allegedly performed in February and March of 1999.