ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Rosalia Young appeals from a judgment of the Common Pleas Court affirming an administrative decision of the Cuyahoga Work and Training program (CWT), a division of the Cuyahoga County Department of Job and Family Services, revoking her childcare certification. After a review of the record and the law, we affirm the decision of the lower court.
The record reveals Ms. Young is a provider of Type B family home daycare services and was certified by CWT authorizing her for public funding of her contracts with financially eligible families. On June 20, 2000, Jennifer Cummins of CWT made an unannounced visit to Ms. Young's home. Her twelve-year-old son, Alex, answered the door and stated that she was not home. Ms. Cummin entered the home to find six children with no adult supervision. Alex called to his twenty-year-old brother, Tuan, who came downstairs and watched the children until Ms. Young returned. She explained she left the children in Tuan's care to return her grandson's nebulizer machine because he was having an asthma attack at home. She was away from her home for twenty minutes. Ms. Cummins cited Ms. Young for violations to OAC 5101:2-14-20, which state:
 A. The provider in charge of a child shall be responsible for a child's safety while child care is being provided.
B. No child shall ever be left unsupervised.
 C. When inside the home, all children in care shall be within sight or hearing of the provider at all times.
Further, Ms. Young's certificate permitted her to care for five children, and Ms. Cummins found six in the house. She improperly stored paint and did not have functional smoke detectors in the basement. Finally, she did not have a record of vaccinations for two children.
Based on these violations, Ms. Cummins wrote Ms. Young a letter dated June 21, 2000 proposing termination of her Type B daycare certificate. Ms. Young appealed the proposed revocation and requested a hearing which took place on July 25, 2000. Two days later, Mary Davis, the Hearing Officer for CWT, revoked her certificate because she left the children in Tuan's care, who is not an Emergency/Substitute Caregiver and because she exceeded the group size permissible by her certificate.
Thereafter, Ms. Young appealed to the Common Pleas Court, and on December 22, 2000, the court affirmed the CWT's decision stating it was supported by reliable probative and substantial evidence. Ms. Young appeals from this decision and raises three assignments of error for our review. As all of the errors pertain to the revocation of her certificate, they will be discussed together. They state:
 I. THE TRIAL COURT ERRED IN AFFIRMING AN ADMINISTRATIVE DECISION WHICH WAS CONTRARY TO LAW, AS IT EXCEEDED THE STATUTORY GRANT OF AUTHORITY GIVEN TO THE AGENCY BY ORC 5104.11(C), TO-WIT: THE COUNTY DIRECTOR MAY REVOKE THE CERTIFICATE (OF A TYPE B DAYCARE PROVIDER) AFTER DETERMINING THAT REVOCATION IS NECESSARY.
 II. THE TRIAL COURT ERRED IN AFFIRMING AN ADMINISTRATIVE DECISION WHICH WAS NOT SUPPORTED BY RELIABLE, SUBSTANTIAL AND PROBATIVE EVIDENCE, TO THE EXTENT THAT SUCH DECISION ALLEGED THAT REVOCATION OF APPELLANT'S TYPE B DAYCARE CERTIFICATION WAS NECESSARY.
 III. THE TRIAL COURT ERRED IN AFFIRMING AN ADMINISTRATIVE DECISION WHICH WAS CONTRARY TO LAW, IN THAT IT CITED TO MATTERS NOT MADE AN ISSUE FOR DETERMINATION IN THE COMPLAINT AGAINST APPELLANT, TO-WIT: VIOLATION OF GROUP SIZE REQUIREMENTS, THUS DENYING APPELLANT DUE PROCESS OF LAW.
Ms. Young argues the court's decision is not supported by reliable, substantial and probative evidence that it was necessary to revoke Ms. Young's certificate. She merely violated two administrative rules, which should not necessitate her losing the certificate. CWT contends that the violations, acts contrary to the Revised and Ohio Administrative Codes, are serious and necessitate revocation of her certificate. The issue here concerns whether the trial court abused its discretion when it affirmed the CWT's decision to revoke her certificate.
We begin by noting the standard of review for this court when reviewing a Court of Common Pleas' review of an agency decision is an abuse of discretion standard. When reviewing the order of an administrative agency, a judge applies the limited standard of review set forth in R.C.119.12 and determines whether the order is supported by reliable, probative and substantial evidence and is in accordance with the law. R.C. 119.12; University of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108,110. When reviewing a judge's determination on whether the order is supported by such evidence, the role of the appellate court is limited to the determination of whether the court abused its discretion. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. The term abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral (1993),67 Ohio St.3d 108, 112.
CWT is required to certify for public funding homes that comply with R.C. 5104 and the rules adopted under it. The Revised Code gives CWT the duty to certify qualifying homes and the discretion to revoke the certificate. In this case, CWT revoked Ms. Young's certificate because she left the children with Tuan and not in the care of an Emergency/Substitute Caregiver in violation of OAC 5101:2-14-14K and because she exceeded the group size permissible by her certificate violating OAC 5101:2-14-16. While Ms. Young may view these as technical violations, the CWT determined they were serious. Thus, based on the record before us, we cannot conclude the trial court abused its discretion when it affirmed the CWT's decision. Accordingly, Ms. Young's assignments of error are not well taken, and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ JAMES J. SWEENEY, JUDGE:
PATRICIA A. BLACKMON, P.J., and TERRENCE O'DONNELL, J., CONCUR.