JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Ronald J. Katz, appeals from the judgment of the Cuyahoga County Court of Common Pleas affirming the decision of Defendant-appellee, J. Lee Covington II, Superintendent of Insurance, made on behalf of Defendant-appellee, the Ohio Department of Insurance, revoking appellant's insurance license. For the reasons that follow, we affirm.
The record reflects that on July 26, 2000, appellant pled guilty in the Cuyahoga County Court of Common Pleas to one count of gross sexual imposition in violation of R.C. 2907.05, a third degree felony, and one count of disseminating material harmful to a child in violation of R.C.2907.31, a fourth degree felony. Appellant's guilty plea stemmed from an incident in which appellant, while under the influence of alcohol, fondled himself in the presence of a five-year-old girl.
Appellant was convicted of both counts and sentenced to a community control sanction upon the conditions that he attend Alcoholics Anonymous, perform 200 hours of community service and pay restitution and costs. Appellant was also found to be a sexually oriented offender and ordered to report as required by statute.
Upon being advised by appellee that it intended to take action against his insurance license, appellant requested a hearing pursuant to R.C.119.07 regarding his suitability to be licensed as an insurance agent. A hearing was held on May 9, 2001.
At the hearing, a certified copy of the above-referenced conviction was admitted by agreement of the parties. Appellant testified regarding the facts surrounding his conviction and how the conviction had motivated him to stop drinking. Appellant testified further that since his conviction, he had faithfully attended Alcoholics Anonymous and sex therapy meetings and participated in community service activities. Appellant also produced letters from various individuals attesting to his good character.
On June 22, 2001, the hearing officer issued a report and recommendation. The report stated, in pertinent part:
 Mr. Katz is undoubtedly committed to address his alcohol problem, which he has had for a considerable period of time. However, given the recent nature of his 2000 criminal conviction and 1999 act that caused the conviction, sufficient time has not elapsed to recommend his licensure as an insurance agent, at this time. Therefore, pursuant to Ohio R.C. 3905.49(B)(6), a revocation of Mr. Katz's insurance agent license is recommended. This finding is furthered by the lengthy time period of his alcohol problem and nature of the conviction.
Appellant subsequently filed a letter objecting to the hearing officer's report and recommendation. Attached to the letter were numerous letters from individuals attesting to appellant's successful rehabilitation since the incident that led to his conviction. On September 11, 2001, the Superintendent of Insurance issued an order affirming the hearing officer's report and recommendation revoking appellant's insurance license.
Appellant subsequently appealed the Department's order to the Cuyahoga County Common Pleas Court pursuant to R.C. 119.12. After a hearing, the trial court affirmed the order, finding that it was supported by reliable, probative and substantial evidence and [was] in accordance with law.
Appellant timely appealed. In his single assignment of error, appellant contends that the lower court abused its discretion and erred when it found that the Department of Insurance's findings were based on reliable, probative and substantial evidence and were in accordance with law.
When reviewing an order of an administrative agency pursuant to an R.C. 119.12 appeal, the Court of Common Pleas applies the limited standard of review set forth in R.C. 119.12 and determines whether the order is supported by reliable, probative and substantial evidence and is in accordance with the law. Young v. Cuyahoga Work Training Agency (July 19, 2001), Cuyahoga App. No. 79123, citing Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110. When reviewing the trial court's determination regarding whether the order is supported by such evidence, however, the appellate court determines only whether the trial court abused its discretion. Young, supra, citing Rossford Exempted Village School District Bd. of Educ. v. State Bd. of Educ. (1992),63 Ohio St.3d 705, 707. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We find no such abuse of discretion here.
Former R.C. 3905.49(B)(6), in effect at the time of the hearing, provided in pertinent part:
 The superintendent of insurance may suspend, revoke, or refuse to issue or renew any license as an agent, surplus line broker, limited insurance representative, or impose any other sanction authorized under this chapter, for one or more of the following reasons:
(6) Being convicted of a felony.
It is undisputed that in July, 2000, appellant was convicted of two felonies. It is further undisputed that a certified copy of the judgment of conviction was admitted as evidence at the hearing. It is clear, therefore, that the decision of the superintendent of insurance revoking appellant's insurance license was supported by reliable evidence and in accordance with the law. Accordingly, the trial court did not abuse its discretion in affirming the Department's order.
Appellant contends, however, that the trial court erred in finding that the Department's order was in accordance with the law because the Department did not consider the entire record before rendering its decision affirming the hearing officer's recommendation to revoke appellant's license. Appellant correctly asserts that pursuant to R.C.119.09, the Superintendent was required to review the hearing officer's report, recommendation, transcript of testimony and evidence, or objections of the parties, and additional testimony and evidence * * * before issuing his order. Appellant then asserts that pursuant to R.C.119.09, the agency must pass on all the evidence presented to it. According to appellant, because the Superintendent's order did not specifically state that he considered the additional evidence submitted by appellant with his letter of objection, the Superintendent did not pass on this evidence. Consequently, appellant contends, the Superintendent's order was not based on the entire record before the Department. We disagree.
First, we note that appellant's interpretation of the requirement in R.C. 119.09 that the Department pass on the evidence is erroneous. R.C.119.09 provides that at the adjudicatory hearing:
 The agency shall pass upon the admissibility of evidence, but a party may at the time make objection to the rulings of the agency thereon, and if the agency refuses to admit evidence, the party offering the same shall make a proffer thereof, and such proffer shall be made a part of the record of such hearing.
Thus, it is apparent from the statute that the requirement that an agency pass on the evidence means that the agency must determine what evidence is admissible at the hearing. The requirement relates to a determination of the admissibility of the evidence and not to a consideration of the weight of the evidence in rendering a decision.
Moreover, the order of the Superintendent affirming the decision of the hearing officer expressly stated:
 Pursuant to the Report and Recommendation issued on June 22, 2001, the transcript of testimony, exhibits and objections to the Hearing Officer's Report and Recommendation, I, J. Lee Covington II, Superintendent of Insurance, hereby make the following findings: * * *. (Emphasis added.)
The letters attesting to appellant's character and rehabilitation were part of appellant's objections to the hearing officer's report and recommendation. The above-cited paragraph makes it clear that the Superintendent considered appellant's objections, which included the letters submitted by appellant with his letter of objection, before issuing his order confirming the hearing officer's recommendation to revoke appellant's license.
Finally, R.C. 119.12 requires that an agency prepare and certify to the court a complete record of the proceedings in the case within thirty days after a notice of appeal of an agency decision is received. Here, the record certified to the Court of Common Pleas contained appellant's letter of objection and the numerous attachments to his letter. Thus, it is apparent that the Superintendent considered the letters submitted by appellant, and therefore, the entire record, as required by R.C. 119.09, before rendering his decision.
Appellant also contends that trial court erred in finding that the agency's decision was supported by reliable, probative and substantial evidence because there was overwhelming evidence in the record that he had been rehabilitated. Accordingly, appellant contends, the Department erred in finding that he was not sufficiently rehabilitated to be licensed as an insurance agent and his license should have been revoked, rather than suspended.
Appellant also asserts that the Department erred in revoking his license because his offense did not involve dishonesty, theft, fraud or any misconduct in his capacity as an insurance agent.
Appellant's arguments are misplaced. Although we commend appellant for his fine effort at rehabilitation, the question presented on appeal to both the trial court and this court is not whether appellant was sufficiently rehabilitated or whether his conviction was related to his performance as an insurance agent. Rather, the question is whether there was sufficient evidence in the record to support the Department's decision to revoke appellant's license. Because former R.C. 3905.49(B)(6) provided that the Department was authorized to revoke the insurance license of an individual convicted of a felony and there was undisputed evidence in the record that appellant had been convicted of a felony, the Superintendent's decision revoking appellant's insurance license was supported by reliable, probative and substantial evidence and in accordance with the law. Therefore, the trial court did not abuse its discretion in affirming the agency's decision.
Appellant's assignment of error is therefore overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and JAMES J. SWEENEY, J. CONCUR.