OPINION
{¶ 1} Appellants Lincoln Street Salvage and Matthew Unkefer appeal the decision of the Stark County Court of Common Pleas that affirmed the ruling of the Ohio Motor Vehicle Salvage Dealer's Licensing Board ("Board") that revoked appellants' salvage dealer's license. The following facts give rise to this appeal.
 {¶ 2} Appellant Matthew Unkefer owns Lincoln Street Salvage. Appellant Lincoln Street Salvage is licensed by the Ohio Motor Vehicle Salvage Dealer's Licensing Board. On August 31, 1999, and October 5, 1999, Nancy House, an investigator with the Bureau of Motor Vehicles, inspected Appellant Lincoln Street Salvage. Following these inspections, the Ohio Department of Public Safety served Appellant Unkefer with a "Notice of Opportunity for Hearing" letter dated June 13, 2000. The letter notified Appellant Unkefer that he had an opportunity to request a formal adjudication hearing on the suspension or revocation of his salvage dealer's license.
 {¶ 3} According to the letter, the grounds for the suspension or revocation were as follows: (1) the location was not properly shielded from view; (2) salvage inventory was not stored behind the fence or enclosure; (3) no business hours were posted; and (4) the facility was not open or attended by someone who could reasonably assist a customer. Appellant Unkefer requested an adjudicatory hearing on these alleged violations. The Board scheduled a hearing pursuant to Appellant Unkefer's request and subsequently continued the hearing upon its own motion.
 {¶ 4} Thereafter, on February 12, 2001, Nancy House, accompanied by Dan Farinelli, again visited Appellant Lincoln Street Salvage in order to perform another inspection. By letter dated March 27, 2001, Appellant Unkefer received notice that the hearing he requested would be conducted on April 24, 2001. Prior to the hearing, the Ohio Department of Public Safety amended the "Notice of Opportunity for Hearing" to include its findings from the most recent inspection. These findings included the following: (1) no business was conducted from the office but rather it was conducted from another location; (2) records were kept at both locations; (3) some receipts were made out to "cash" without the name and address of the purchaser; and (4) the walkway to the office was covered with three to four inches of mud and standing water.
 {¶ 5} The hearing proceeded as scheduled. Both Nancy House and Appellant Unkefer testified about the condition of the premises and the business conducted at Appellant Lincoln Street Salvage. Following the hearing, the Board concluded that Appellant Lincoln Street Salvage failed to have an established place of business; failed to have an adequate office; failed to maintain proper records; and failed to have records available for inspection. Accordingly, the Board revoked Appellant Unkefer's dealer's license.
 {¶ 6} Appellants appealed the Board's decision to the Stark County Court of Common Pleas. The trial court affirmed the Board's decision. Appellants timely filed a notice of appeal to this court and set forth the following assignments of error for our consideration:
 {¶ 7} "I. THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN AFFIRMING THE VIOLATION OF R.C. 4738.15
WHERE THE BOARD FAILED TO SUPPORT ITS CONCLUSION BY FACTUAL FINDINGS SHOWING THAT SUCH A VIOLATION HAD OCCURRED.
 {¶ 8} II. THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN AFFIRMING THE BOARD'S CONCLUSION OF A VIOLATION OF R.C. 4738.07(H).
 {¶ 9} III. THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN AFFIRMING THE BOARD'S CONCLUSION FINDING A VIOLATIONS (SIC) OHIO ADMINISTRATIVE CODE 4501:1-4-04(B) AND (D)."
 Standard of Review {¶ 10} When reviewing an order of an administrative agency pursuant to an R.C. 119.12 appeal, the court of common pleas applies the limited standard of review set forth in R.C. 119.12 and determines whether the order is supported by reliable, probative and substantial evidence and is in accordance with the law. Young v. Cuyahoga Work Training Agency (July 19, 2001), Cuyahoga App. No. 79123, at 2, citingUniv. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110. When reviewing the trial court's determination regarding whether the order is supported by such evidence, however, the appellate court determines only whether the trial court abused its discretion. Young, supra, citingRossford Exempted Village School District Bd. of Educ. v. State Bd. ofEduc. (1992), 63 Ohio St.3d 705, 707. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} It is based upon this standard that we review appellants' three assignments of error.
 I {¶ 12} In their first assignment of error, appellants contend the trial court abused its discretion when it affirmed the Board's decision finding a violation of R.C. 4738.15 as the Board failed to make factual findings that such a violation occurred. We disagree.
 {¶ 13} The statute violated by appellants, R.C. 4738.15, provides as follows:
 {¶ 14} "(A) The motor vehicle salvage dealer's licensing board shall make rules requiring motor vehicle salvage dealers, salvage motor vehicle auctions, and salvage motor vehicle pools to keep records of transactions involving purchase or sale of salvage motor vehicles or parts and may require the records to be kept for a reasonable length of time.
 {¶ 15} (B) No motor vehicle salvage dealer, salvage motor vehicle pool, or salvage motor vehicle auction shall fail to keep or cause to be kept any record required by this chapter or by rule of the motor vehicle salvage dealer's licensing board."
 {¶ 16} O.A.C. 4501:1-4-22 sets forth the record requirements a salvage dealer must satisfy. Appellant Unkefer maintains that in order to determine whether or not the records requirements have been violated, there must be a violation of one of the rules under O.A.C. 4501:1-4-22
and the Board made no such finding under this section of the administrative code. Appellant Unkefer argues the only finding the Board made pertaining to the business records was that the "[r]ecords of the business were not readily available for inspection, since they are kept at a repair business at another location, and on computer, but not at the licensed salvage facility." Appellant Unkefer contends there is nothing under O.A.C. 4501:1-4-22 or R.C. 4738.15 that indicates it is a violation to keep the business records on computer or at another facility.
 {¶ 17} On appeal to the trial court, the court affirmed the Board's decision that Appellant Unkefer violated R.C. 4738.15 on the basis that appellant violated O.A.C. 4501:1-1-4-22(B) because some of the sales receipts failed to include the name and address of the purchaser. Appellant Unkefer maintains the trial court abused its discretion when it made this factual finding to support the Board's decision because the Board made no such finding at the administrative level.
 {¶ 18} We conclude the trial court did not abuse its discretion when it affirmed the Board's decision on the basis that Appellant Unkefer violated O.A.C. 4501:1-1-22(B). The Board specifically found in its Findings of Fact No. 3 that Appellant Unkefer violated 4501:1-4-22. Section (B) of O.A.C. 4501:1-4-22 provides as follows:
 {¶ 19} "(B) Sales invoice shall describe:
 {¶ 20} "Item(s) sold.
 {¶ 21} "Name and address of purchaser.
 {¶ 22} "Sales price."
 {¶ 23} Thus, the trial court did not, as alleged by Appellant Unkefer, create its own factual finding to support the Board's conclusion as the Board found a violation of this section in its Findings of Fact. Accordingly, the trial court's decision is supported by reliable, probative and substantial evidence.
 {¶ 24} Appellants' first assignment of error is overruled.
 II {¶ 25} Appellants maintain, in their second assignment of error, the trial court abused its discretion when it affirmed the Board's conclusion that they violated R.C. 4738.07(H). We disagree.
 {¶ 26} This statute provides, in pertinent part, as follows:
 {¶ 27} "The registrar of motor vehicles shall deny the application of any person for a license under this chapter and refuse to issue him a license if the registrar finds that the applicant:
 {¶ 28} "* * *
 {¶ 29} "(H) Has no established place of business;"
 {¶ 30} Appellant Unkefer maintains the Board's conclusion is not supported by the evidence as the Board improperly focused on the fact that the records of the business were not kept at the facility. Instead, Appellant Unkefer contends the evidence established that on two of the three occasions the investigators inspected the facility, an employee was present. Appellant Unkefer further maintains that the first visit when an employee was not present probably occurred around lunchtime as he closes an hour for lunch. Tr. at 49. Further, an office and parts counter is located inside a trailer on the property. Tr. at 40. Appellant Unkefer also testified that he may be reached to come to the facility when needed and even though he may not always be at the facility, his salvage business has an established location with an employee present to assist customers.
 {¶ 31} O.A.C. 4501:1-4-01(G) defines and "established place of business" as "* * * any site where commercial transactions take place and where merchandise and inventory are stored. * * *" The evidence presented to the Board established that Appellant Unkefer did not conduct commercial transactions at the location in question. Investigator Nancy House testified that when she visited the facility on August 31, 1999, she found nobody present that could assist a customer. Tr. at 9. Further, the gate surrounding the facility was locked and the trailer that served as the office also appeared to be locked and unattended. Tr. at 8-9. The posted business phone number was also disconnected. Tr. at 9.
 {¶ 32} When Investigator Nancy House returned to the facility on October 5, 1999, the trailer remained locked and unattended even though an employee was present. Tr. at 10. The employee informed her that the owner did not do business at this facility. Tr. at 11. The employee also told the investigator that the owner could be found at another location. Tr. at 11. At her final inspection on February 6, 2001, the investigator was again advised that business was not conducted at that location. Tr. at 13. The employee telephoned Appellant Unkefer at another location. Tr. at 13. Appellant Unkefer arrived at the facility, without a key to the trailer, and had to leave to get the key from another location. Tr. at 13. When asked to provide his business records, Appellant Unkefer had to leave the facility and go to another location to retrieve the records. Tr. at 13-14.
 {¶ 33} Based upon the above evidence, we conclude the trial court did not abuse its discretion when it affirmed the Board's decision that the facility in question violated R.C. 4738.07(H) as it is not an established place of business since commercial transactions did not occur on the premises. The trial court's decision is supported by reliable, probative and substantial evidence.
 {¶ 34} Appellants' second assignment of error is overruled.
 III {¶ 35} In their third assignment of error, appellants maintain the trial court abused its discretion when it affirmed the Board's conclusion finding a violation of O.A.C. 4501:1-4-04(B) and (D). We disagree.
 {¶ 36} The sections of the Ohio Administrative Code, at issue, provide as follows:
 {¶ 37} "(B) The office in which such business will be transacted will be in a building of sufficient size to conduct said business with a minimum of two hundred twenty-five square feet. This area shall consist of the following:
 {¶ 38} "(1) An area devoted to sales transactions.
 {¶ 39} "(2) An office to maintain records required to operate business by the licensee.
 {¶ 40} "* * *
 {¶ 41} "(D) Records of the business shall be available for inspection during reasonable business hours by board investigators."
 {¶ 42} Appellant Unkefer maintains the trial court abused its discretion when it affirmed the Board's decision finding a violation of these two sections because the trailer on the property was devoted to sales transactions and an office to maintain the business records. Although there were older records on site, Appellant Unkefer testified that not all of the business records were on site because many of them were computerized and he was concerned about the office being burglarized. Tr. at 42.
 {¶ 43} The evidence presented at the hearing, before the Board, indicates the trailer that allegedly served as the office was dilapidated and was not functioning as an office. In describing the office, the investigator stated that it "* * * looked like it should be salvaged itself." Tr. at 10. The investigator also testified that the trailer did not appear to be permanent in nature, that the structure was physically uneven and that it appeared to be "* * * sinking in the mud." Tr. at 13. Further, at the time of all three visits, the trailer was unattended and locked. Tr. at 9, 10, 13. Based upon this evidence, we do not find the trial court abused its discretion when it affirmed the Board's decision that Appellant Unkefer violated O.A.C. 4501:1-4-04(B).
 {¶ 44} Further, the record indicates that the business records were not present, at the facility, for the investigators to review. Instead, Appellant Unkefer had to retrieve the business records from another location. Appellant Unkefer argues the Ohio Administrative Code only requires that the records be available for inspection during reasonable business hours and that he was able to produce them upon request. Even though Appellant Unkefer was able to produce the business records, the evidence presented at the hearing indicates, and the Board so found, that the records produced by Appellant Unkefer were not adequate and violated O.A.C. 4501:1-4-22(B) because the receipts did not contain the names and addresses of the purchasers of salvage parts.
 {¶ 45} Instead, the invoices were improperly written to "cash." Tr. at 14. Therefore, even if we were to conclude that Appellant Unkefer made his business records available for inspection, the business records did not comply with O.A.C. 4501:1-4-22(B).
 {¶ 46} Accordingly, we conclude the trial court did not abuse its discretion when it affirmed the decision of the Board finding Appellant Unkefer violated O.A.C. 4501:1-1-04(B) and (D). The trial court's decision is supported by reliable, probative and substantial evidence.
 {¶ 47} Appellants' third assignment of error is overruled.
 {¶ 48} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Boggins, J., concur.
Topic: Revocation of salvage dealer's license.