OPINION
{¶ 1} Appellant, Laurie Proffitt, appeals from the January 30, 2003 final judgment entry of the Franklin County Court of Common Pleas, affirming the order of appellee, Ohio Liquor Control Commission ("Commission"), revoking appellant's liquor permit. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} The following facts are taken from the investigator's report. Appellant is the permit holder of the premises known as Club Rendezvous in Cleveland, Ohio. Tom Mirkos, appellant's father, is the owner of the building where the club is located. Pursuant to an Interoffice Communication dated August 8, 2000, Compliance Officer, Annalisa Freeman, visited the permit premises to investigate a false ownership allegation. At the time of her visit in the fall of 2000, Officer Freeman observed that Steve Breunig was operating the club. According to Breunig, there existed a written management agreement ("written agreement") that provided for the sale and transfer of the permit premises to Breunig on or before March 1, 2001. The written agreement was between Breunig, appellant, and Mirkos for the sale price of $35,000. Pursuant to this written agreement, Breunig took over operation of the permit premises in February 2000.
 {¶ 3} On January 29, 2001, Officer Freeman visited a One Stop Party Shop where she was informed that Vickie Henderson was calling in orders and picking them up for the permit premises. On February 2, 2001, Officer Freeman revisited the permit premises. Based on a conversation with Henderson, Officer Freeman was informed that Breunig had been operating the premises, but ceased operation when he realized that he did not have time to run the business. Henderson told Officer Freeman that pursuant to a verbal agreement with Mirkos, she was working for Breunig and operating the permit premises under the existing written agreement. On February 8, 2001, Officer Freeman visited with Breunig where he admitted he left the business because he did not have the proper amount of time to run the permit premises.
 {¶ 4} On March 28, 2001, Officer Freeman again visited the permit premises and had a conversation with Henderson and Mirkos, both of which admitted that Henderson was still operating the premises under a verbal agreement with Mirkos. As of March 28, 2001, the transfer of ownership of the permit premises had not taken place. Appellant received a Notice of Hearing, which set forth the following violations:
Violation #1: On or before March 28, 2001, you, LAURIE PROFFITT, (and/or your unidentified agent and/or employee) did fail to list the name and/or address of each person having a legal and/or beneficial ownership of your permit business in violation of Section 4303.293 of the Ohio Revised Code.
Violation #2: On or about March 28, 2001, you, LAURIE PROFFITT, (and/or your unidentified agent and/or employee) did sell, assign, transfer, or pledge its D5-6 Liquor Permit without the written consent of the Department of Commerce, Liquor Division, in violation of Section4303.29 of the Ohio Revised Code.
Violation #3: On or before March 28, 2001, you, LAURIE PROFFITT, (and/or your unidentified agent and/or employee) did fail to operate in and upon the permit premises a licensed restaurant in that you did fail to obtain a valid food service operator's license in violation of Section4303.14* of the Ohio Revised Code.
 {¶ 5} On March 20, 2002, appellant's case was heard before the Commission. Appellant entered a plea of denial to Violation #2, but stipulated to the investigator's report. The Commission dismissed Violations #1 and #3. The Commission found appellant in violation of R.C. 4303.29 and revoked appellant's liquor permit, effective at noon on April 30, 2002.
 {¶ 6} On April 28, 2002, appellant filed an administrative appeal pursuant to R.C. 119.12. In its decision filed December 20, 2002, the trial court, in affirming the order of the Commission, found that the order was supported by reliable, probative, and substantial evidence and was in accordance with the law. It is from this decision that appellant appeals, assigning the following as error:
1) THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS BASED ON RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
2) THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT O.R.C. SECTION 4303.29(A) IS NOT VAGUE, AND THEREFORE CONSTITUTIONAL.
 {¶ 7} Appellant has appealed pursuant to R.C. 119.12. R.C. 119.12
provides the following standard of review for the common pleas court:
The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
 {¶ 8} In her first assignment of error, appellant contends that the trial court abused its discretion when it determined that the order of the Commission was supported by reliable, probative and substantial evidence. In Our Place, Inc. v Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571, the Ohio Supreme Court defined the evidence required by R.C. 119.12 as:
(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value. [Fn. omitted.]
 {¶ 9} "The appellate court's review is even more limited than that of the trial court. While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. An appellate court does not determine the weight given to the evidence heard before an agency in proceedings on appeal in a lower court. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705. On an appeal pursuant to R.C. 119.12, an appellate court shall review evidentiary issues to determine whether the common pleas court abused its discretion in determining whether or not the agency decision was supported by reliable, probative and substantial evidence. Id. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 10} Thus, this court's standard of review is limited to whether the trial court abused its discretion in finding the Commission's order was supported by reliable, probative and substantial evidence or that it was in accordance with law.
 {¶ 11} In this case, while appellant stipulated to the investigator's report, she takes issue with the references and conclusions the Commission drew from those facts. Appellant was charged with violating R.C. 4303.29, which provides that "no holder of a permit shall sell, assign, transfer, or pledge the permit without the written consent of the division." Appellant argues that Officer Freeman never advised appellant that she had a specific amount of time in which to comply with R.C. 4303.29. Appellant further alleges that there is no law that prohibits a permit holder from hiring a manager to operate the permit premises.
 {¶ 12} Ohio Adm. Code 4301:1-1-14 provides the method for transfer of a liquor license: "(A) Upon written application therefor on forms prescribed and furnished by the division and upon approval thereof by the superintendent of liquor control, permits or interests therein may be transferred." Under the administrative scheme for issuance of liquor permits, "the transfer of an existing permit from one place to another or from one person to another requires the approval of the department and is not dependent alone on the willingness or desire of the holder of the permit." Bd. of Liquor Control v. Tsantles (1952), 156 Ohio St. 512, 515. Consequently, Ohio courts will not enforce the transfer or assignment of a liquor permit outside the statutory scheme. See, e.g., Allied Investment Credit Corp. v. Stardust Lounge, Inc. (1963), 91 Ohio Law Abs. 596; Continental Sawmill Ltd. Partnership v. Italian Oven L.L.C. (Sept. 29, 2000), Franklin App. No. 00AP-204.
 {¶ 13} In this case, appellant asserts there was insufficient evidence of an assignment or transfer of the permit. We disagree. There was evidence that appellant had little to do with the operation of the permit establishment. During her visits to the permit premises, Officer Freeman never saw appellant at the establishment. At the March 20, 2002 Commission hearing, counsel for appellant indicated that during the pendency of the transfer, appellant had given birth to her second child and realized she was unable to handle the operation of the permit premises. Breunig and Henderson both detailed to Officer Freeman their involvement in operating the permit premises. The Commission was permitted to make reasonable inferences from this evidence. It was reasonable to infer that appellant had, in fact, assigned, sold or transferred the permit without the written consent of the division. See, e.g., Livingston Place, Inc. v. Liquor Control Commission (May 12, 1981), Franklin App. No. 80AP-585. As such, the trial court did not abuse its discretion in finding the Commission's order was supported by reliable, probative and substantial evidence or that it was in accordance with law. Accordingly, appellant's first assignment of error lacks merit and is not well-taken.
 {¶ 14} In her second assignment of error, appellant contends that the trial court abused its discretion when it found that R.C. 4303.29 was constitutional. Appellant contends that the statute is unconstitutionally vague and violates her due process rights. Specifically, appellant argues that R.C. 4303.29 is vague because it does not provide a time frame in which a permit holder must obtain the written consent from the division prior to the transfer of a permit.
 {¶ 15} The Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution require that a party be entitled to reasonable notice of judicial proceedings and an opportunity to be heard. Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118. In this case, appellant is correct in her assertion that R.C. 4303.29 does not set forth a time frame within which written consent must be obtained from the division. However, the lack of a time frame did not violate appellant's due process rights under the circumstances of this case. Appellant has failed to delineate specific facts to support her contention that her due process rights were violated. Appellant simply states that the statute leaves a person guessing as to the time frame required to obtain written consent from the division. In support of her argument, appellant states that each year the division requires a permit holder to fill out a renewal application indicating any change in ownership or officers of the corporation. Therefore, appellant contends, it is not unreasonable for one to assume that notification can be given when a permit holder submits the renewal application, which would be on or before the renewal period.
 {¶ 16} As the trial court noted, due process is a flexible concept and calls for such procedural safeguards as the particular situation demands. Cleveland Bd. of Educ. v. Loudermill (1985), 470 U.S. 532, 545,105 S.Ct. 1487. As early as February 22, 2000, appellant no longer operated the permit premises, pursuant to a written agreement. Officer Freeman visited the permit premises in August 2000, January 2001, February 2001, and March 2001. During this time period, appellant made no effort to gain consent from the division. The absence of a time frame to obtain written consent works in appellant's favor. However, as the trial court stated:
* * * Appellant [had] more than ample time to, at the very least, commence the process of obtaining the division's consent. Appellant simply did not avail herself of the opportunity to get consent for [the] transfer of the permit. Thus, it is difficult to accept Appellant's argument that her due process rights were violated when she failed to avail herself of the opportunity to get the requisite consent from the liquor control division for the transfer of the liquor permit.
Decision on Merits of Administrative Appeal, December 20, 2002, at 5.
 {¶ 17} As applied to appellant, R.C. 4303.29 is not unconstitutionally vague because appellant never availed herself of the opportunity to seek written consent from the division. Accordingly, appellant's second assignment of error lacks merit and is not well-taken.
 {¶ 18} Based on the foregoing, appellant's first and second assignments of error are overruled and the decision of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and BOWMAN, J., concur.