BOARD OF EDUCATION OF THE ROSSFORD EXEMPTED VILLAGE SCHOOL DISTRICT, APPELLANT, *v.* STATE BOARD OF EDUCATION ET AL., APPELLEES.

[Cite as *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705.]

706

(No. 91–1051—Submitted April 14, 1992—Decided May 27, 1992.)

*Kolb, Kolb & Kolb* and *Matt Kolb,* for appellant.

*Lee I. Fisher,* Attorney General, *Christopher M. Culley* and *Lauren M. Ross,* for appellee State Board of Education.

*Norman C. Hartsel,* for appellees Drake and Rudolph.

DOUGLAS, J.  The issue in this appeal is whether the court of appeals applied the proper standard of review in affirming the judgment of the trial court. For the reasons that follow, we find that the court of appeals applied the correct standard of review and, accordingly, we affirm its judgment.

In *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264, 267, we stated that:

"In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion ' " * * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." ' *State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 277, 489 N.E.2d 288, 290. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685.

"The fact that the court of appeals * * * might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so."

The trial court, in affirming the order of the state board, reviewed the record and concluded that the state board's order was supported by reliable, probative and substantial evidence and was in accordance with law. In applying this standard of review, the trial court complied with the dictates of R.C. 119.12.[1] The court of appeals, in affirming the judgment of the trial court, determined that the trial court did not abuse its discretion in finding that the state board's order was supported by reliable, probative and substantial evidence and was in accordance with law. In utilizing this standard of review, the court of appeals clearly did not deviate from the standard set forth in *Lorain, supra.*

The evidence before the state board in its consideration of the proposed property transfer involved the Drakes' interests in having their two children attend the Perrysburg schools. The Drake children were the only children living on the property under consideration for transfer and, at the time of the hearing, both children attended the Perrysburg schools on a tuition basis. The evidence showed that the Drake/Rudolph property is closer to the Perrysburg schools than to the Rossford schools and that, by attending the Perrysburg schools, the Drake children were able to engage in more extracurricular activities. The bus ride to the Perrysburg schools was shorter than

---

1. Pursuant to R.C. 119.12, the standard of review for the court of common pleas in considering the order of an administrative agency is whether the order is supported by reliable, probative and substantial evidence and is in accordance with law.

the bus ride to the Rossford schools. Additionally, the evidence showed that Perrysburg is the focus of the Drake family's social, business and community life.

We find that the court of appeals was correct in determining that the trial court did not "abuse its discretion" in affirming the state board's order approving the transfer of property. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.