OPINION
In 1993, plaintiffs-appellants, Joseph and Erin Ebbing, submitted a preliminary plat for the proposed School House Manor subdivision to the Butler County Planning Commission ("the commission") for approval pursuant to R.C. 711.10. Appellants' preliminary plat was initially approved by the commission, but the approval subsequently expired.
On October 26, 1995, appellants submitted a revised plat to the commission for approval. The commission forwarded appellants' proposed plat to the Ohio Department of Transportation ("ODOT") for review. ODOT recommended that the plat be altered so that the subdivision would have direct access to State Route 129. ODOT also stated that State Route 129 would have to be widened at the proposed entrance of the subdivision so that a turning lane could be constructed to better facilitate the flow of traffic. The commission held a public hearing on December 12, 1995. The commission disapproved the plat because one of the proposed cul-de-sacs was unreasonably long and because the plat did not provide the subdivision with direct access to State Route 129.
On February 12, 1996, appellants filed a notice of appeal in the Butler County Court of Common Pleas. The common pleas court issued a detailed written decision on November 21, 1996 in which it affirmed the commission's decision disapproving the plat. Appellants now appeal setting forth the following assignments of error:
Assignment of Error No. 1:
 THE COURT ERRED IN FINDING THAT SUMMARY JUDGMENT WAS AN APPROPRIATE REMEDY TO THE FACTS OF THIS CASE.
Assignment of Error No. 2:
 THE COURT ERRED BY NOT FINDING THAT THE BUTLER COUNTY PLANNING COMMISSION VIOLATED OHIO REVISED CODE SECTION 711.10 BY FAILING TO STATE ON THE RECORD OF THE COMMISSION THE REASON FOR REFUSAL FOR APPROVING THE PLAT.
Assignment of Error No. 3:
 THE COURT ERRED BY ALLOWING THE PLANNING COMMISSION TO HOLD THE PLAINTIFFS/APPELLANTS RESPONSIBLE FOR STREET WIDENING, AS REQUIRED BY THE PLANNING COMMISSION BASED UPON PLAINTIFFS/APPELLANTS APPLICATION FOR APPROVAL OF THE FIRST VERSION OF SCHOOL HOUSE MANOR SUBDIVISION AND BY NOT REQUIRING THE PLANNING COMMISSION TO CONSIDER THE NEWLY REVISED PLAN OF SCHOOL HOUSE MANOR ENTIRELY SEPARATE AND APART FROM ANY PRECEDING VERSION.
In their first assignment of error, appellants contend that the common pleas court erred in affirming the commission's decision disapproving the plat of their proposed subdivision.[1] The role of a court of common pleas in ruling on an appeal from a decision of a county planning commission is to determine whether the commission's decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." R.C. 2506.04; Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34; Schroer v. City of Oxford (Feb. 10, 1997), Butler App. No. CA96-07-137, unreported. In reviewing the decision of the court of common pleas, a court of appeals must determine whether the common pleas court abused its discretion. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. An abuse of discretion "implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." State, ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster (1986), 22 Ohio St.3d 191,193.
Appendix I(B)(1)(b) to the Butler County Subdivision Rules and Regulations provides as follows:
 Proposed streets shall be extended to the boundary lines of the tract to be subdivided, unless prevented by topography or other physical conditions or unless, in the opinion of the Planning Commission, such extension is not necessary or desirable for the coordination of the layout of the subdivision with the existing layout or the most advantageous future development of adjacent tracts. Dead-end streets of reasonable length (normally not over 600 feet) will be approved where necessitated by topography or where in the judgment of the Planning Commission they are appropriate for the type of development contemplated.
The record in this case indicates, and appellants apparently concede, that the proposed plat contains a cul-de-sac which is at least eight hundred feet in length. The record also indicates that the main roadway depicted on the plat, Ebbing Court, does not provide access to State Route 129 or otherwise extend to the boundary lines of the property to be subdivided. Further, it is apparent that there is nothing about the geography, topography, or general character of the land which would prevent the subdivision from providing access to State Route 129 or which would require that the cul-de-sac exceed the six-hundred-foot limitation. Accordingly, the trial court properly found that substantial, reliable, and probative evidence exists to support the commission's determination that the proposed subdivision violates Appendix I(B)(1)(b) of the Butler County Subdivision Rules and Regulations and that the commission's disapproval of the plat was not unconstitutional, illegal, arbitrary, capricious, or unreasonable. Appellants' first assignment of error is overruled.
In their second assignment of error, appellants complain that the commission did not state the grounds for its decision disapproving the plat with sufficient particularity. R.C. 711.10
provides that "[t]he ground of refusal of approval of any plat submitted, including citation of or reference to the rule violated by the plat, shall be stated upon the record of the commission." The transcript of the December 12, 1996 hearing indicates that the commission clearly stated, on the record, that the plat did not comply with the applicable subdivision rules and regulations because the cul-de-sac shown was unreasonably long and because the subdivision did not provide access to State Route 129. The mere fact that the commission did not specifically cite Appendix I(B)(1)(b) does not render its decision disapproving the plat invalid under R.C. 711.10. Therefore, appellants' second assignment of error is overruled.
In their third assignment of error, appellants contend that the commission's decision disapproving the 1995 plat is fatally flawed because it discussed the differences between the 1993 plat and the 1995 plat at the December 12, 1995 hearing. However, neither the Butler County Subdivision Rules and Regulations nor any other provision of Ohio law prohibited the commission from referencing the 1993 plat when determining whether to approve the 1995 plat. Appellants' third assignment of error is overruled and the judgment of the trial court is hereby affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Appellants phrase their first assignment of error as an objection to a grant of summary judgment by the trial court. However, it is apparent that the trial court did not grant summary judgment in this case, but instead ruled on appellants' administrative appeal pursuant to R.C. 2506.04. Therefore, we will construe appellants' first assignment of error as an objection to the trial court's decision affirming the commission's disapproval of the plat.