OPINION
On September 18, 2000, appellee, the Licking County Board of Commissioners, removed appellant, Kevin Berry, from his position as Maintenance Worker II for the Licking County Maintenance Department. Said removal was due to failure of good behavior, malfeasance, to wit: simulating a sex act with another employee against that employee's will.
The notice of removal was sent by certified mail to appellant's last known address on Fallsburg Road. On September 19, 2000, the notice was received and signed for by appellant's mother, Ruth Berry, on Pleasant Valley Road.
On October 2, 2000, appellant filed an appeal of his removal with the State Personnel Board of Review. On December 11, 2000, appellee filed a motion to dismiss, claiming the appeal was outside the ten day filing deadline. By report and recommendation dated March 20, 2001, the administrative law judge recommended that appellee's motion be granted.
On April 20, 2001, appellant filed an objection to the report and recommendation. By order dated June 6, 2001, the State Personnel Board of Review upheld the recommendation and ordered appellant's appeal dismissed for lack of jurisdiction.
On June 15, 2001, appellant filed an appeal with the Court of Common Pleas for Licking County, Ohio. By memorandum of decision and judgment entry filed October 30, 2001, the trial court affirmed the Board's decision.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE COMMON PLEAS COURT ERRED IN AFFIRMING THE STATE PERSONNEL BOARD OF REVIEW'S DISMISSAL OF KEVIN BERRY'S APPEAL FROM AN O.R.C. SEC. 124.34 ORDER.
 II. THE COMMON PLEAS COURT ERRED IN AFFIRMING THE STATE PERSONNEL BOARD OF REVIEW'S ERRONEOUS DECISION TO DISMISS KEVIN BERRY'S APPEAL WITHOUT HOLDING AN EVIDENTIARY HEARING TO RESOLVE THE FACTUAL QUESTION OF WHEN KEVIN BERRY WAS SERVED WITH HIS REMOVAL ORDER, AND CONCLUDING THAT HIS APPEAL WAS NOT TIMELY.
 I, II
Appellant claims the trial court erred in finding the Board's decision was supported by reliable, probative and substantial evidence and the Board erred in not conducting an evidentiary hearing on the issue of service of the removal notice. We agree.
In reviewing an order from the Board of Review, a trial court may affirm the order if it is "supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. InOur Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571, Justice Wright defined these terms as follows:
 (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. * * * (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. * * * (3) `Substantial' evidence is evidence with some weight; it must have importance and value. * * * (Footnotes omitted.)
Our review is more limited. We do not examine the evidence. As stated by Justice Sweeney, Sr. in Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621:
 The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board, or a trial court. Instead, the appellate court must affirm the trial court's judgment. Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264, 266. See, also, Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241.
The Board dismissed appellant's appeal, finding appellant did not timely file his appeal within the ten day time limit of R.C. 124.34. See also, Ohio Adm. Code 124-1-03. It is undisputed that "no evidence" was taken at any hearing before the Board. The hearing officer entertained the jurisdictional issue via a questionnaire. See, Procedural Order dated November 29, 2000. Pursuant to the Board's rules, any non-procedural motions may be ruled upon without hearing. Ohio Adm. Code124-11-07(C). In response, appellee filed the certified mail return receipt card signed by appellant's mother and a motion to dismiss on December 11, 2000. In turn, on January 2, 2001, appellant filed a memorandum contra and two affidavits, his own and his mother's, in support of his argument that the removal notice was signed by his mother at a different address than his residence and therefore he did not receive the notice until a few days after September 19, 2000. Within said memorandum contra, appellant stated "an evidentiary hearing would make this sufficiently clear, since determination of this jurisdictional question should not be resolved against him without an adequate opportunity to present the manner in which service was effected." Without holding a hearing, the administrative law judge recommended dismissal. See, Report and Recommendation dated March 20, 2001. Upon appellant's objections, appellee filed the affidavit of Wanda Donaker, the postal employee who delivered the removal notice. Ms. Donaker claimed appellant and his mother resided at the same address on Fallsburg Road, but admitted she delivered the notice to the Pleasant Valley Road address.
The methods of service of a R.C. 124.34 order are as follows:
It is personally served upon the employee; or
 It is received by the employee at the employee's last known address, by certified mail, return receipt requested; or
 It is left at the usual place of residence, or last known address of the affected employee, with an adult residing therein.
Ohio Adm. Code 124-3-02(A)
In his report and recommendation, the administrative law judge determined "service was made on the Appellant via Ruth Berry, accepting and receiving said documentation at issue on September 19, 2000." By memorandum of decision and judgment entry filed October 30, 2001, the trial court found the Board's decision affirming the recommendation was based on reliable, probative and substantial evidence:
 Moreover, Appellant does not argue the removal notice was sent to the wrong address, or was not provided to an adult listed as living at the residence. While the Affidavits state Appellant's mother had lived at the Fallsburg Road address through November of 2000, and then resided at the Pleasant Valley Road address, the Affidavit of Ms. Donaker indicates Appellant's mother still lived at the Fallsburg Road address. Purely as a courtesy, Ms. Donaker delivered the certified letter to Appellant's mother at the Pleasant Valley Road address because she knew Appellant's mother would be there caring for Ms. Babcock during the day. Finally, Appellant does not argue he did not receive service of the notice; indeed, Appellant knew the notice was being served because he refused acceptance of the notice the previous day. In reviewing the entire record, the Court finds the decision by the State Personnel Board of Review is supported by reliable, probative, and substantial evidence.
We find the trial court's decision to be in error for the following reasons. The Board has adopted the position, through Ohio Adm. Code124-11-07(C), that a jurisdictional question is non-procedural and does not require an evidentiary hearing. We disagree that a substantive right mandated by statute to which due process applies can be resolved in summary fashion. We conclude an evidentiary hearing was required for an appropriate R.C. 119.12 review.
Despite this ruling, we find the uncontested evidence establishes the dismissal was in error. The evidence was contradictory and required more than mere affirmations to determine that appellant's mother was a resident of the Fallsburg Road address on September 19, 2000 in order to establish prong three of Ohio Adm. Code 124-3-02(A), supra. In addition, it is clear from Ms. Donaker's affidavit that she did not deliver the removal notice to "appellant's residence," but to another location. Therefore, the service provision of Ohio Adm. Code 124-3-02(A)(3) was not met. Based upon the evidence presented, we find notice to appellant was given to him on September 24, 2000 pursuant to Ohio Adm. Code 124-3-02(A)(1) as affirmed in the affidavits. Appellant timely filed his appeal and the Board erred in granting the motion to dismiss. Therefore, we find the trial court abused its discretion in finding reliable, probative, and substantial evidence to support the Board's decision.
Assignments of Error I and II are granted.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed. The cause is remanded to the State Personnel Board of Review for further proceedings.
By FARMER, J., GWIN, P.J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is reversed. The cause is remanded to the State Personnel Board of Review for further proceedings. Costs to appellee.