DECISION
Aida Enterprises, Inc., appellant, appeals a judgment of the Franklin County Court of Common Pleas, which affirmed a decision by the Ohio State Liquor Control Commission, appellee.
On January 8, 2000, two agents were investigating Convenient Food Mart 3009, a liquor permit store located in Euclid, Ohio, and operated by appellant. Nassef Henen was the holder of the store's permit to sell alcohol. Upon entering the store, agents observed Henen's son tending the cash register of the store unassisted. One of the agents posed as a customer and purchased a 22-ounce bottle of beer from Henen's son. After purchasing the beer, they heard the son shout "Hey Dad, how much is this beer?" while he was helping another customer. The agents identified themselves to Henen as investigators for appellee. After learning that Henen's son was eleven years old, they informed Henen that he violated two liquor control regulations by allowing a person under eighteen years of age to sell and handle beer in a sealed container.
On November 9, 2000, a hearing was held before a commissioner for appellee. Appellant stipulated to the facts and circumstances found in the first violation in exchange for a dismissal of the second violation. The first violation stated:
 On January 8, 2000, your agents and/or employees, NASSEF HENEN and/or RANDOLPH DAWSON and/or your unidentified agent and/or employee, did allow a minor * * * being then and there under 18 years of age to handle in and upon the permit premises beer and/or intoxicating liquor, to wit, mixed alcoholic in violation of Section 4301.22(A) of the Ohio Revised Code. (Emphasis sic.)
On December 5, 2000, appellee found that appellant violated R.C.4301.22(A) and held that appellant's liquor permit should be revoked. Appellant appealed this decision to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. On September 20, 2001, the trial court affirmed appellee's order holding that the record supported a finding that appellant had violated R.C. 4301.22(A)(3). Appellant appeals this decision and presents the following assignment of error:
 THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW.
Appellant argues in his single assignment of error that appellee's order was not supported by reliable, probative, and substantial evidence. Appellant claims that Henen's son was not an employee and, therefore, appellant did not violate R.C. 4301.22(A)(3). Appellant also argued before the trial court that the penalty for the violation was too harsh.
The standard of review for the court of common pleas of an administrative appeal is recognized in R.C. 119.12, which states in part:
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
An appellate court's standard of review is limited to whether the trial court abused its discretion in finding that the order was supported by reliable, probative and substantial evidence, or that it was in accordance with law. C H Investors, Inc. v. Liquor Control Comm., Franklin App. No. 01AP-912, 2002-Ohio-2226, at 16.
 "In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion '" * * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency."' * * * Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment." * * * Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707, quoting Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261. (Citations omitted.)
R.C. 4301.22 places restrictions on the sale of beer and intoxicating liquor under all classes of liquor permits. R.C. 4301.22(A)(3) states that "[n]o intoxicating liquor shall be handled by any person under twenty-one years of age, except that a person eighteen years of age or older employed by a permit holder may handle or sell beer or intoxicating liquor in sealed containers in connection with wholesale or retail sales * * *." In the present case, the record shows that Henen's son was handling intoxicating liquor in connection with retail sales even though he was eleven years old. Accordingly, we find the trial court did not abuse its discretion when it concluded that the "record supports the finding of a violation of R.C. 4301.22(A)(3) and [appellee's] order must, therefore, be affirmed."
Appellant also argued before the trial court that "revocation is too harsh a penalty." We agree. Revoking appellant's liquor permit based upon a single violation without any prior violations seems too harsh. However, this court is restricted by R.C. 119.12, which allows a reviewing court to "reverse, vacate, or modify the order or make such other ruling" only after finding that the order is not "supported by reliable, probative, and substantial evidence and is in accordance with law." The court of common pleas "has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." Henry's Café v. Bd. of Liquor Control (1959), 170 Ohio St. 233, paragraph three of the syllabus.
We have stated previously that as "a practical matter, courts have no power to review penalties meted out by the commission. Thus, we have little or no ability to review a penalty even if it seems on the surface to be unreasonable or unduly harsh." Lindner v. Ohio Liquor Control Comm. (2001), Franklin App. No. 00AP-1430. See, also, In Out Market, Inc. v. Ohio State Liquor Control Comm. (2001), Franklin App. No. 01AP-231. "We, as an intermediate appellate court, are required to follow the syllabus of Henry's Café unless or until such reconsideration occurs." Lindner, supra. The Ohio State Liquor Control Commission can mete out maximum penalties without review as long as a violation, however minor, is found. We do not believe that this was the intention of the Legislature when R.C. 119.12 was adopted.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and BOWMAN, JJ., concur.