OPINION
{¶ 1} Appellant, Tim Renner, was employed as a Superintendent within the Tuscarawas County Water and Sewer District. The appointing authority for said district is appellee, the Tuscarawas County Board of Commissioners. Appellant was terminated from his position on September 21, 2000 via an order of removal, also known as an ADM 4055.
 {¶ 2} On September 22, 2000, appellee issued a second ADM 4055, along with a letter to disregard the first one, and mailed all to appellant and the State Personnel Board of Review. Also enclosed was a copy of the first ADM 4055 with the words "VOID Incomplete See copy dated 9/22/00." Appellant received the mailings on September 26, 2000.
 {¶ 3} On October 3, 2000, appellant filed an appeal with the Board of Review. A hearing was held on April 6, 2001. By report and recommendation dated November 21, 2001, the administrative law judge ruled appellant's appeal to be untimely, finding the first ADM 4055 was controlling.
 {¶ 4} On November 30, 2001, appellant filed objections to the report. By order filed January 4, 2002, the Board of Review denied the objections and adopted the report.
 {¶ 5} On January 9, 2002, appellant filed a notice of appeal with the Court of Common Pleas of Tuscarawas County, Ohio. A hearing was held on March 18, 2002. By judgment entry filed September 26, 2002, the trial court affirmed the Board of Review's decision.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I
"The common pleas court erred as a matter of law by using the incorrect standard for review of appellant's administrative appeal."
 II {¶ 7} "The common pleas court erred as a matter of law in finding that appellant had not made a timely appeal to the state personnel board of review."
 III {¶ 8} "The common pleas court erred as a matter of law by holding that the first removal order of September 21, 2000 had a legal effect on appellant's substantive rights pursuant to Ohio Revised Code § 124.34."
 I, II, III {¶ 9} Appellant's assignments of error challenge the trial court's decision to uphold the decision of the State Personnel Board of Review.
 {¶ 10} In Pons v. Ohio State Medical Board, 66 Ohio St.3d 619,621, 1993-Ohio-122, Justice Francis Sweeney discussed our standard of review as follows:
"The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board, or a trial court. Instead, the appellate court must affirm the trial court's judgment. Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264, 266. See, also, Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241."
 {¶ 11} In its judgment entry of September 26, 2002, the trial court found its standard of review was as follows:
 {¶ 12} "The Administrative Procedure Act provides that the court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record, that the Order is supported by reliable, probative, and substantial evidence, and is in accordance with law."
 {¶ 13} Appellant argues this standard of review was incorrect. Appellant objects to the trial court deferring to the fact finding of the Board of Review and not determining the issue of timeliness and jurisdiction as a matter of law. We disagree that the trial court employed the incorrect standard. In its judgment entry of September 26, 2002, the trial court as a matter of law found the time for filing an appeal had lapsed because the September 21, 2000 had never been rescinded and "remains in effect, and the personal service thereof on September 21, 2000 is controlling." In that regard, we deny Assignment of Error I.
 {¶ 14} In Assignments of Error II and III, appellant argues the Board of Review and the trial court improperly interpreted the jurisdictional issue. Specifically, appellant argues he timely filed his notice of appeal to the Board of Review based upon the second ADM 4055 issued on September 22, 2000 and its successful delivery on September 26, 2000.
The central question is which ADM 4055 is the controlling order of removal? The first ADM 4055 dated September 21, 2000 or the second ADM 4055 dated September 22, 2000? The trial court and appellee rely on the position that the September 22, 2000 ADM 4055 was invalid because it violated the Ohio Open Meeting Laws and was not an official action of appellee. It appears to be undisputed that appellee corrected an error in the September 21, 2000 ADM 4055, rewrote it and dated it September 22, 2000, and placed a notation on the former order, "VOID Incomplete See copy dated 9/22/00." See, September 21, 2000 order, attached to Appellant's Brief as Exhibit E.
 {¶ 15} The trial court and the Board of Review shift the emphasis of the jurisdictional issue from notice and timeliness to whether the September 22, 2000 order was valid. We find this emphasis to be misplaced. Beck v. Harrison County Department of Human Services (October 23, 1992), Harrison App. No. 443.
 {¶ 16} Due process and a notion of fair play requires us to accept the second ADM 4055 of September 22, 2000 mailed to appellant and received on September 26, 2000 as the order appealed from by appellant. We conclude appellant met the jurisdictional requirements with his October 3, 2000 notice of appeal.
 {¶ 17} We decline to review, as not being ripe for review, whether the September 22, 2000 order was a valid or lawful order.
 {¶ 18} Assignments of Error II and III are granted.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed and the matter is remanded to the State Personnel Board of Review.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is reversed and the matter is remanded to the State Personnel Board of Review for further proceedings consistent with this opinion. Costs to appellee.