OPINION
{¶ 1} This is an appeal from the judgment of the Allen County Court of Common Pleas which affirmed the decision of the Ohio Department of Job and Family Services ("ODJFS") denying Plaintiff-appellant, Amanda Grieshop's ("Grieshop"), request for Medicaid funded, twenty-four hour per day, one-on-one, home care.
 {¶ 2} Grieshop is a quadriplegic who suffers from cerebral palsy, scoliosis and is legally blind. Grieshop is currently aided by an attendant sixteen hours per day which is funded through the Medicaid Individual Options Waiver Program (IO) and implemented through the Allen County Board of Mental Retardation and Developmental Disabilities ("Allen MRDD"). The IO program was implemented to prevent the institutionalization of handicapped individuals.
 {¶ 3} At the time Grieshop joined the IO program, Grieshop's mother took care of Grieshop during the eight hours each day when an attendant was not available. However, recently Grieshop's mother injured her back and is no longer able to lift Grieshop. Consequently, Grieshop filed a request with Allen MRDD for an increase in Medicaid funded attendant care resulting in twenty-four hours per day, one-on-one home care.
 {¶ 4} Allen MRDD denied Grieshop's request, and Grieshop requested a state hearing. Allen MRDD submitted an appeal summary which stated that there are less expensive alternatives to providing twenty-four hour, one-on-one care such as having a roommate or enrolling in a vocational or day program. Specifically, the appeal summary stated that there are no medical or behavioral reasons why Grieshop could not utilize the above activities and further noted that Grieshop was previously enrolled in an educational program. Finally after noting that no other individual in Allen County who lives alone receives the amount requested by Grieshop, the appeals summary noted that the projected cost of additional services would cause the Ohio Department of MRDD ("Ohio MRDD") to exceed the state-wide average per capita HCBS waiver cost. Finally, the appeals summary stated that Allen County's waiver service allocation was not sufficient and requests for an increase to the Ohio MRDD were denied because there were acceptable alternatives available. Based on this summary, Allen MRDD recommended that the State Hearing Officer deny Grieshop's request.
 {¶ 5} A State Hearing was held wherein Grieshop's mother, Grieshop's caretaker, Barbara East, the Chief of the Office of Medicaid Payment Support, Tim Smith, and the Waiver manager of the MRDD, Alice Pavey testified. The State Hearing Officer affirmed Allen MRDD's denial of Grieshop's request. The decision was also affirmed by the ODJFS and then by Allen County Court of Common Pleas.
 {¶ 6} Grieshop now appeals the trial court's decision asserting one assignment of error:
The lower court abused its discretion in finding that the decision ofthe agency was supported by reliable probative and substantial evidenceand is in accordance with the law.
 {¶ 7} R.C. 119.12 provides for the appeal of an agency's decision to the court of common pleas: "The [trial] court may affirm the order of the agency complained of in the appeal if it finds upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with the law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative and substantial evidence and is in accordance with the law."
 {¶ 8} This court's review of the common pleas court's decision on questions of fact is limited to determining if the common pleas court abused its discretion. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, 1993-Ohio-122. Furthermore, an appellate court does not determine the weight to be given the evidence. See RossfordExempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. Accordingly, absent an abuse of discretion by the trial court, this court must affirm the trial court's judgment. Pons,
supra. However, on questions of law, the common pleas court may not exercise discretion and the court of appeals' review is plenary. Kohl v.Perry Cty. Bd. of Mental Retardation Dev. Disabilities (Sept. 29, 1994), Franklin App. No. 94APE01-122 at *2.
 {¶ 9} Ohio Revised Code Section 5123.182(D) provides that Allen and Ohio MRDD "shall ensure that services [supported living] are furnished in a manner that provides for the individual's health safety and welfare." Grieshop argues that pursuant to R.C. 5123.182(D), Allen MRDD is required to provide her with a Medicaid waiver to pay for an additional eight hours of one-on-one care per day to ensure her health and safety. Grieshop maintains that the alternatives to the additional eight hours of care, i.e. a roommate or vocational program, would be detrimental to her health and safety.
 {¶ 10} While Grieshop presented a recent report by her doctor which recommends that she should not be placed in a work or school setting or have a roommate, Allen MRDD provided the opinion of a physician and a psychologist which suggested that Grieshop's health would not be compromised by Grieshop attending a vocational school or having a roommate. Grieshop specifically argues that the reports submitted by Allen MRDD were from doctors who did not personally see Grieshop and the doctors relied on outdated materials provided by MRDD to come to their conclusions.
 {¶ 11} As we are not permitted to second guess the trial court's weighing of the evidence, we cannot find that the trial court abused its discretion in accepting the opinions of Allen MRDD's physician and psychologist as reliable, probative, and substantial evidence that Grieshop's health and safety would not be compromised if the request for the additional Medicaid waiver was denied.
 {¶ 12} Grieshop also argues that Allen MRDD based its decision to deny her a Medicaid waiver to pay for eight additional hours of care per day without addressing the appropriate financial considerations. We disagree. Ohio Adm. Code Section 1523:1-2-04(E) states in relevant part:
(1) In the local administration of the medicaid HCBS waiver, no countyshall approve the initial or continued enrollment of any individual whoseprojected cost of waiver services will cause the county to exceed itscounty waiver service allocation.
 (a) If the projected cost of an individual's waiver services causes thecounty waiver services allocation to be exceeded, the county may requestauthorization from the department to increase the county's waiver serviceallocation.
 (b) The department may authorize the requested increase in thecounty's waiver services allocation if the amount of the increasedoes not cause the department to exceed the expenditures for HCBSwaiver services approved by HCFA for each waiver.
 (2) The department reserves the right to deny waiver services to anyindividual whose projected cost of HCBS waiver services would cause thedepartment to exceed the statewide average per capita HCBS waiver cost asestablished in paragraph (B)(12) of this rule. The county shall have theright to deny, terminate or reduce any waiver services to any individualrecipient when the services in the individual's ISP pursuant to thewaiver or when adding services, service amount, frequency or durationexceeds those necessary for the health and safety of the individual asestablished in accordance with paragraph (F) of this rule.
 {¶ 13} Specifically, Grieshop argues that the trial court erred in affirming ODJFS's decision as the decision failed to provide the Medicaid waiver to Grieshop pursuant to Ohio Adm. Code 5123:1-02-04(E)(1)(b). While Ohio Adm. Code 5123:1-02-04(E)(1)(b) allows the Ohio MRDD to authorize an increase in the county's waiver services "if the amount of the increase does not cause the department to exceed the expenditures for HCBS waiver services approved by HCFA for each waiver," it is not required to do so. Furthermore, there is no requirement that Ohio MRDD first exhaust the provisions in Ohio Adm. Code 5123:1-02-04(E)(1)(b) before denying a waiver pursuant to Ohio Adm. Code 1523:1-2-04(E)(2).
 {¶ 14} Finally, Grieshop argues that the MRDD's denial of her claim based on cost considerations violates the Americans with Disabilities Act. Specifically, Grieshop argues that the denial violates Olmstead v.L.C. Zimring (1999), 527 U.S. 581. Olmstead prohibits the institutionalization of mentally handicapped individuals when community-based options are available and would not fundamentally alter a state's services and programs. As Allen MRDD is not proposing that Grieshop be institutionalized but rather suggests a roommate or a day program, Olmstead is inapplicable to this case.
 {¶ 15} Based on the foregoing, Grieshop's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Bryant, P.J., and Walters, J., concur.