OPINION
{¶ 1} Appellant Tim Renner appeals the decision of the State Personnel Board of Review ("Board of Review") that dismissed his appeal for appellant's failure to go forward with his hearing on the merits. The following facts give rise to this appeal.
 {¶ 2} On September 21, 2000, via an order of removal, also known as an ADM 4055, Appellee Tuscarawas County Board of Commissioners ("appellee") terminated appellant's employment as Superintendent of the Tuscarawas County Water and Sewer District. On September 22, 2000, appellee issued a second ADM 4055, along with a letter to disregard the first one, and mailed all to appellant and the Board of Review. Also enclosed was a copy of the first ADM 4055 with the words "VOID Incomplete See copy dated 9/22/00." Appellant received the mailings on September 26, 2000.
 {¶ 3} On October 3, 2000, appellant filed an appeal with the Board of Review. The Board of Review conducted a hearing on April 6, 2001. By report and recommendation dated November 21, 2001, the administrative law judge found appellant's appeal to be untimely, concluding the first ADM 4055 was controlling. Appellant filed objections to the report on November 30, 2001. By order filed January 4, 2002, the Board of Review denied the objections and adopted the report.
 {¶ 4} On January 9, 2002, appellant filed a notice of appeal with the trial court. The trial court conducted a hearing on March 18, 2002. On September 26, 2002, the trial court issued a judgment entry affirming the Board of Review's decision. Thereafter, appellant filed a notice of appeal with this court. On January 27, 2003, we reversed and remanded this matter to the Board of Review sustaining appellant's Second and Third Assignments of Error. See Renner v. Tuscarawas Cty. Bd. of Commrs.,
Tuscarawas App. No. 2002AP100077, 2003-Ohio-405.
 {¶ 5} In our opinion, we concluded the trial court applied the proper standard of review in considering appellant's administrative appeal. However, we remanded the matter, to the Board of Review, for a merit hearing, finding the second ADM 4055 of September 22, 2000, was the order from which appellant appealed. Therefore, we concluded appellant met the jurisdictional requirements with his October 3, 2000 notice of appeal. We further specifically declined to review whether the second ADM 4055 was a valid and lawful order.
 {¶ 6} Pursuant to our opinion, the Board of Review scheduled this matter for a merit hearing on May 20, 2003. Pursuant to appellant's request, this hearing was continued and the matter was rescheduled for a merit hearing on July 22, 2003. Appellant again requested a continuance, which the Board of Review granted. This matter eventually proceeded to a record hearing on August 26, 2003.
 {¶ 7} At the hearing, appellant's counsel stated that appellant would not participate in the hearing on the merits and the only reason appellant was present, at the hearing, was to address the issue of whether there existed a valid Order of Removal removing appellant from his position with the Tuscarawas County Water and Sewer District. Specifically, appellant argued the scope of our remand instructed the Board of Review to conduct a hearing on the merits and consider the issue as to whether there exists a valid Order of Removal (i.e., whether the Order of Removal issued on September 22, 2000 was properly executed pursuant to R.C. 121.22.).
 {¶ 8} Appellant further maintained that because we found the September 22, 2000 Order of Removal to be the order appealed from, a determination that this order was never valid would establish that appellant did not receive a valid Order of Removal and thus, was never properly terminated from his position. Appellees responded that our decision merely found appellant's appeal to be timely and remanded the matter to the Board of Review for a hearing on the merits.
 {¶ 9} At the merit hearing, pursuant to appellant's concerns, the administrative law judge informed appellant that both parties would have the opportunity to further develop their positions on the jurisdictional/procedural aspects of this case and the scope of the remand in post-hearing briefs. Thereafter, appellees called appellant as its first witness. Appellant's counsel stated that appellant would not participate, in the hearing, and appellant did not take the witness stand. Appellant continued to refuse to participate in the proceedings even though the administrative law judge again reassured appellant that the procedural and substantive objections were part of the record and that appellant would have the opportunity to further develop his objections in post-hearing briefs.
 {¶ 10} Appellant and his counsel prepared to leave the hearing room. Appellees moved to dismiss the appeal. In response, appellant argued no valid Order of Removal existed and requested that the Board of Review immediately reinstate him to his former position and award back pay. Thereafter, appellant and his counsel left the hearing room. In her Report and Recommendation, the administrative law judge recommended that appellant's case be dismissed for appellant's failure to go forward with his appeal. In an order dated September 30, 2003, the Board of Review adopted the recommendation of the administrative law judge and dismissed appellant's appeal. On appeal to the Tuscarawas County Court of Common Pleas, the trial court affirmed the decision of the Board of Review.
 {¶ 11} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 12} "I. The common pleas court erred as a matter of law in finding that the decision of the state personnel board of review was in accordance with the law."
 Standard of Review {¶ 13} In Pons v. Ohio St. Med. Bd. of Rev., 66 Ohio St.3d 619, 621,1993-Ohio-122, the Ohio Supreme Court set forth the applicable standard of review for courts of appeals. The Court explained:
 {¶ 14} "The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board, or a trial court. Instead, the appellate court must affirm the trial court's judgment. Lorain City School Dist. Bd. of Edn.v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261,533 N.E.2d 264, 266. See, also, Rossford Exempted Village School Dist.Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707,590 N.E.2d 1240, 1241."
 {¶ 15} It is based upon this standard that we review appellant's sole assignment of error.
 I {¶ 16} Appellant sets forth two arguments in support of his assignment of error. First, appellant contends he has never been properly served with a valid removal order. Second, appellant maintains, pursuant to the law-of-the-case doctrine, that he should have been permitted to make his substantive and procedural arguments to the Board of Review.
 {¶ 17} We will discuss appellant's second argument first. In his second argument, appellant contends the administrative law judge incorrectly interpreted the mandate of this court by refusing to allow him to argue that he had not been properly removed from his position with the Tuscarawas County Water and Sewer District. The record does not support appellant's argument. First, the administrative law judge properly interpreted the mandate of this court. In our opinion, we reversed and remanded the matter to the Board of Review. Renner, supra, at 6. Second, in a judgment entry dated March 26, 2003, we specifically indicated the matter was remanded, to the Board of Review, for a hearing on the merits.
 {¶ 18} Third, at the hearing in this matter on August 26, 2003, the administrative law judge attempted to proceed with a hearing on the merits as mandated by this court. However, appellant refused to participate in the hearing and stated that he was present only to address the issue of whether there had been a valid Order of Removal pursuant to R.C. 124.34. Tr. Hrng., Aug. 26, 2003, at 7-9. The administrative law judge informed appellant that any jurisdictional issues could be raised and briefed through post-hearing briefs. Id. at 24. The administrative law judge also informed appellant that if he was not prepared to proceed on the merits, a second hearing date could be scheduled for his case-in-chief. Id. at 15, 24.
 {¶ 19} Clearly, the record reflects the administrative law judge properly interpreted and attempted to follow the mandate of this court, which required a hearing on the merits. Further, the administrative law judge agreed to permit appellant to address the issue of the validity of the removal order in a post-hearing brief. As such, we conclude appellant was provided with an opportunity to make his substantive and procedural arguments to the Board of Review and chose not to do so.
 {¶ 20} In his first argument, appellant contends he was never served with a valid removal order. As noted above, the remand of this matter was for the administrative law judge to conduct a merit hearing. In addition to the merit hearing, the administrative law judge agreed to permit appellant to address the issue of the validity of the Order of Removal in post-hearing briefs. Appellant refused to participate in the hearing. Because appellant refused to proceed, with the merit hearing, and did not file a post-hearing brief, we do not have a record to review concerning the validity of the Order of Removal.
 {¶ 21} Finally, we would note that appellant does not assign as error the dismissal of his case. However, based upon appellant's failure to proceed with the merit review of this matter, we conclude the trial court did not abuse its discretion when it affirmed the decision of the Board of Review for appellant's failure to go forward with his appeal.
 {¶ 22} Appellant's sole assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs assessed to appellant.