JOHNSON–HEBB, Appellant,

v.

CLINTON COUNTY PUBLIC DEFENDER, Appellee.

[Cite as *Johnson–Hebb v. Clinton Cty. Pub. Defender*, 187 Ohio App.3d 17, 2010-Ohio-1817.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

No. CA2009–06–007.

Decided April 26, 2010.

18

Inza E. Johnson–Hebb, pro se.

Isaac, Brant, Ledman & Teetor, L.L.P., and Jeffrey A. Stankunas, for appellee.

———

BROGAN, Judge.

{¶ 1} Former Clinton County assistant public defender Inza E. Johnson–Hebb appeals from the trial court's judgment entry affirming a State Personnel Board of Review ("SPBR") decision dismissing her case for lack of subject-matter jurisdiction.

{¶ 2} Johnson–Hebb advances two nearly identical assignments of error on appeal. First, she contends that the trial court abused its discretion in upholding SPBR's determination that she was an unclassified county employee based on her fiduciary relationship with appellee, Clinton County Public Defender Joseph Dennis. Second, she claims that the trial court erred in finding that she held a fiduciary relationship with Dennis.

{¶ 3} The record reflects that Johnson–Hebb worked under Dennis as an assistant public defender from July 2005 until March 2007, when he fired her. Johnson–Hebb appealed her termination to SPBR, which upheld an administrative law judge's finding that she qualified as an unclassified county employee under R.C. 124.11(A)(28). Relying on R.C. 124.03(A), which restricts it to hearing appeals from employees in the classified service, SPBR dismissed Johnson–Hebb's appeal for lack of jurisdiction. Johnson–Hebb appealed that ruling to the Clinton County Common Pleas Court pursuant to R.C. 119.12. On June 5, 2009, the trial court upheld SPBR's ruling, agreeing that Johnson–Hebb was an unclassified employee because she had a fiduciary relationship with Dennis. This appeal followed.

{¶ 4} In her assignments of error, which we will address together, Johnson–Hebb insists that she did not have a fiduciary relationship with Dennis within the meaning of R.C. 124.11(A)(28). Therefore, she argues, she was not an unclassified employee, and the trial court erred in upholding SPBR's dismissal of her appeal. For his part, Dennis contends that the trial court properly found the existence of a fiduciary relationship.

{¶ 5} When reviewing an administrative appeal brought under R.C. 119.12, a trial court may affirm the agency's order " 'if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law.' " *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, 897 N.E.2d 1096, ¶ 35–36, quoting R.C. 119.12. Our review is more limited. " 'It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion.' " Id. at ¶ 41, quoting *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 590 N.E.2d 1240.

{¶ 6} The statute at issue here, R.C. 124.11(A)(28), provides:

{¶ 7} "The civil service of * * * the several counties * * * of the state shall be divided into the unclassified service and the classified service.

{¶ 8} "(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:

{¶ 9} " * * *

{¶ 10} "(28) For * * * counties, * * * the deputies and assistants of elective or principal executive officers authorized to act for and in the place of their principals or holding a fiduciary relation to their principals."

{¶ 11} In the hearing before SPBR, Dennis claimed that Johnson–Hebb was an assistant of a principal executive officer (himself) and that she was authorized to act for him and in his place. Dennis also asserted that Johnson–Hebb held a fiduciary relationship with him. Finally, he argued that she should be estopped from denying her unclassified status because she had enjoyed certain benefits of that status. SPBR rejected Dennis's claim that Johnson–Hebb was authorized to act for him and in his place. It agreed with his assertion, however, that she had a fiduciary relationship to him. In light of that conclusion, SPBR did not address the estoppel issue. For its part, the trial court agreed that a fiduciary relationship existed. Therefore, it declared moot Dennis's cross-assignment of error, which challenged SPBR's finding that Johnson–Hebb was not authorized to act for him and in his place. Finally, the trial court declined to address the estoppel issue, noting the absence of a ruling from SPBR to review.

{¶ 12} Like the trial court, we begin and end our analysis with the fiduciary-relationship issue, which is dispositive. The parties have not cited, and we have not found, any case law addressing the phrase "fiduciary relationship" in R.C. 124.11(A)(28). Fortunately, however, significant case law exists discussing virtually identical language in another subsection, R.C. 124.11(A)(9), which places in the unclassified service "those persons employed by and directly responsible to elected county officials * * * and holding a fiduciary or administrative relationship to such elected county officials." The parties agree that this portion of R.C. 124.11(A)(9) is not directly applicable here because Johnson–Hebb was employed by Dennis, who was appointed to his position rather than elected. Nevertheless, we believe that case law interpreting the fiduciary-relationship language in R.C. 124.11(A)(9) serves as a useful guide in interpreting essentially the same language in R.C. 124.11(A)(28).

{¶ 13} The leading case discussing R.C. 124.11(A)(9) is *State ex rel. Charlton v. Corrigan* (1988), 36 Ohio St.3d 68, 521 N.E.2d 804. The court opined in *Charlton* that a fiduciary relationship under the statute is "one of trust and confidence." Id. at 70, 521 N.E.2d 804. Such a relationship, which requires " 'more than the ordinary relationship of employer and employee,' " exists when " 'special confidence * * * is reposed in the integrity and fidelity of another.' " Id. at 71, 521 N.E.2d 804, quoting *In re Termination of Emp.* (1974), 40 Ohio St.2d 107, 114–115, 69 O.O.2d 512, 321 N.E.2d 603. "It may be concluded that in determining whether a fiduciary relationship exists between a public official and his appointed employees, pursuant to R.C. 124.11(A)(9), which would exempt such employees from civil service status, emphasis should be placed upon whether the assigned job duties require, as essential qualifications over and above technical competency requirements, a high degree of trust, confidence, reliance, integrity and fidelity." Id.

{¶ 14} "One method of determining whether a fiduciary relationship exists in an employment situation is to examine the duties assigned to an employee. A great degree of discretion in carrying out one's assigned duties may indicate a trust relationship. Id. * * *. Of course, the trust relationship is among the highest of fiduciary relationships. However, there is a plethora of other circumstances within the law of fiduciaries which might also indicate the existence of a fiduciary relationship. For example, it is a rule that the actions of a fiduciary are those done, in good faith, for another's behalf and not merely because of legal obligations. Hence, it may also be inquired whether there is some element within the overall structure of the employment relationship which makes integrity and loyalty to the employer an essential job qualification, over and above technical or competency requirements." (Citations omitted.) Id.[1]

{¶ 15} *Charlton* teaches that the hallmarks of a fiduciary relationship are the need for extraordinary trust and confidence to be placed in an employee and a concomitant expectation of the utmost loyalty and integrity from the employee. With these guidelines in mind, we do not believe that the trial court abused its discretion in finding SPBR's order supported by the evidence. As the Clinton County Public Defender, Dennis is charged with a statutory duty to furnish legal representation to indigent adults and juveniles charged with crimes. See R.C. 120.16(A)(1) ("The county public defender shall provide legal representation to indigent adults and juveniles who are charged with the commission of an offense or act that is a violation of a state statute and for which the penalty or any possible adjudication includes the potential loss of liberty and in postconviction proceedings as defined in this section"). Dennis is authorized by R.C. 120.15(B)(4) to appoint assistant public defenders to help him carry out this duty.

{¶ 16} The record reflects that Dennis is a part-time public defender in a small office. He gave Johnson–Hebb and his two other assistant public defenders nearly absolute discretion to manage their own cases. They handled all aspects of their cases from start to finish and did not need his signature on court filings or his permission to enter into plea agreements. Dennis typically did not become involved in an assistant public defender's case unless his advice was sought. Johnson–Hebb set her own work schedule and had an office key so she could come and go as she pleased on weekends and evenings. She rarely consulted Dennis and saw him infrequently. She did not need his permission to speak to

---

1. See also Ohio Adm.Code 124–1–02(I) (" 'Fiduciary relationship' generally means a relationship where the appointing authority reposes a special confidence and trust in the integrity and fidelity of an employee to perform duties which could not be delegated to the average employee with knowledge of the proper procedures. These qualifications are over and above the technical competency requirements to perform the duties of the position. Whether one position occupies a fiduciary relationship to another is a question of fact to be determined by the board.").

the media about her cases, to contact county officials in connection with her job duties, or to attend legal-education seminars. She had no hiring or firing responsibility, however, and her involvement with the office's budget and financial affairs was minimal. She did not sign purchase contracts on behalf of the office and was not invited to attend public defender or county commissioner board meetings.

{¶ 17} After reviewing the evidence, the trial court concluded that Johnson–Hebb had a fiduciary relationship with Dennis. It reasoned: "As an attorney representing persons charged with crimes in the courts, an APD's duties require much more than technical competency. How APDs performed their legal duties reflected on Dennis' own professional reputation and competence as well as the reputation of his office. Accordingly, Dennis is entitled to expect a high degree of trust, confidence, reliance, integrity, and fidelity from his APDs."

{¶ 18} Upon review, we see no abuse of discretion in the trial court's determination that Johnson–Hebb had a fiduciary relationship with Dennis. We find it noteworthy that her job as assistant public defender was to help Dennis discharge *his* statutory duty, as the Clinton County Public Defender, to provide legal representation to indigent defendants. See R.C. 120.16(A)(1) and 120.15(B)(4). As one of only three assistant public defenders, her job performance reflected directly on Dennis and the manner in which he fulfilled his own statutory obligation. Notwithstanding this fact, Dennis trusted Johnson–Hebb with nearly complete autonomy and had confidence in her discretion to manage her own cases and arrange her own work schedule. Under these circumstances, it is reasonable to conclude that Dennis expected an extraordinary degree of integrity and fidelity from Johnson–Hebb in return. In other words, the nature of the relationship between Johnson–Hebb and Dennis persuades us that she was required to possess certain intangible qualities beyond the technical competencies required to perform as an attorney.

{¶ 19} In opposition to the foregoing conclusion, Johnson–Hebb argues that granting an employee discretion, alone, does not always establish a fiduciary relationship. We do not necessarily disagree. In this case, however, Johnson–Hebb exercised broad discretion, and she did so directly on behalf of her appointing authority, Dennis, the Clinton County Public Defender. When she appeared in court, negotiated with a prosecutor, and performed other job-related tasks, she acted as an extension of Dennis.[2] Therefore, for the reasons set forth

---

2. For present purposes, we need not decide whether Johnson-Hebb was "authorized to act for and in the place of" Dennis, which also would make her an unclassified employee under R.C. 124.11(A)(28). SPBR concluded that Johnson–Hebb was not "authorized to act for and in the place of" Dennis, within the meaning of the statute, because she played no role in hiring or firing decisions and had no "signature authority" for him. While we do not necessarily agree

more fully above, we believe that the hallmarks of a fiduciary relationship are present. Cf. *Henley v. State Personnel Bd. of Review* (Nov. 1, 1994), Franklin App. No. 94APE03–306, 1994 WL 612350 (finding that the appellant's act of "representing the administrator of OBES [the Ohio Bureau of Employment Services] in all tax appeal hearings before the Unemployment Compensation Board of Review" placed him in a fiduciary relationship with the OBES administrator).

{¶ 20} Johnson–Hebb next disputes whether her act of once writing a letter to the local sheriff's office about a jail-inmate issue and another letter to a local newspaper about a judge's ruling demonstrated a fiduciary relationship with Dennis. For purposes of our analysis herein, however, we have not considered these particular letters. Without regard to them, the record fully supports the trial court's determination that Johnson–Hebb had a fiduciary relationship with Dennis.

{¶ 21} Finally, Johnson–Hebb relies heavily on *Ohio Civ. Serv. Emp. Assn., AFSCME Local 11, AFL–CIO v. State Emp. Relations Bd.* (2001), 144 Ohio App.3d 96, 759 N.E.2d 794 ("OCSEA"). The issue in *OCSEA* was whether state assistant public defenders were fiduciaries of the Ohio Public Defender within the meaning of R.C. 4117.01, which would render them ineligible for collective bargaining. As a matter of first impression, the Tenth District Court of Appeals concluded that state assistant public defenders were not fiduciaries for collective-bargaining purposes.

{¶ 22} In reaching its conclusion, the Tenth District cited *Charlton*, 36 Ohio St.3d 68, 521 N.E.2d 804, and sought some guidance from R.C. 124.11(A)(9). At the same time, however, the Tenth District distinguished *Charlton*, noting that it did not involve whether employees were eligible to engage in collective bargaining under R.C. 4117.01. The court in *OCSEA* reasoned that "when considering an employee's status under R.C. 4117.01, the courts should also focus on another factor, the fundamental purpose of the legislature in excluding some employees from collective bargaining." Id. at 103, 759 N.E.2d 794. The Tenth District then concluded that rank-and-file state assistant public defenders were not fiduciaries under R.C. 4117.01, reasoning: "The fact that the Public Defender wishes to hire highly competent attorneys in whom he has trust and confidence does not make them his fiduciaries within the meaning of R.C. 4117.01(C)(9) where the issue is different from that of R.C. 124.11." Id. The court in *OCSEA* found insufficient evidence that state assistant public defenders "share the type of responsibility for

---

with such a narrow interpretation of the statute, our analysis herein concerns a different issue—whether Johnson–Hebb had a "fiduciary relationship" with Dennis. On that issue, it remains highly relevant that her job was to help Dennis carry out his statutory duty and that she essentially acted as his surrogate.

running the agency that would render it inappropriate for them to engage in collective bargaining with the employer." Id. at 103, 759 N.E.2d 794.

{¶ 23} Upon review, we find *OCSEA* to be distinguishable. The trial court correctly observed that the Tenth District limited its holding to R.C. 4117.01 and the collective-bargaining statutes. The present case involves fiduciary status for civil service purposes under R.C. 124.11, which the Tenth District itself admitted raises a different question. Moreover, the record supports the trial court's finding that Dennis granted broader discretion to Johnson–Hebb than the Ohio Public Defender granted to his assistants in *OCSEA*.

{¶ 24} Based on the reasoning set forth above, we see no abuse of discretion in the trial court's decision to affirm SPBR's dismissal of Johnson–Hebb's case. Her assignments of error are overruled, and the judgment of the Clinton County Common Pleas Court is hereby affirmed.

Judgment affirmed.

FAIN and FROELICH, JJ., concur.

BROGAN, FAIN, and FROELICH, JJ., of the Second District Court of Appeals, sitting by assignment.