[Cite as *Campbell v. Dept. of Job & Family Servs.*, 2020-Ohio-298.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| MARY CAMPBELL | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28499 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-5910 |
| | : | |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of January, 2020.

. . . . . . . . . . .

NICHOLAS A. KULIK, Atty. Reg. No. 0095674, 1426 North Third Street, Suite 200, P.O. Box 5400, Harrisburg, Pennsylvania 17110
          Attorney for Plaintiff-Appellant

THERESA R. DIRISAMER, Atty. Reg. No. 0093374, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215
          Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} The estate of Mary Campbell appeals the trial court's dismissal of an administrative appeal filed on her behalf from a decision of the Ohio Department of Job and Family Services (ODJFS), which denied a request for a state hearing on her application for Medicaid benefits. We conclude that the trial court erred by dismissing the administrative appeal on the ground that it lacked jurisdiction. However, in the alternative, the trial court correctly concluded, and we conclude, that the ODJFS properly denied the request for a state hearing. The judgment of the trial court is reversed, and the matter is remanded for the trial court to enter judgment in favor of ODJFS.

## I. Facts and Procedural History

{¶ 2} In 2015, Mary Campbell executed a health care power of attorney (POA) that gave her son, Clayton Campbell, the authority to make all health-care decisions for her. In 2018, Mary was a resident at Stonespring of Vandalia, a nursing home. On May 23 of that year, Clayton signed a "Medicaid Authorized Representative Form" purporting to designate Stonespring as Mary's authorized representative in attaining Medicaid benefits. Stonespring retained the law firm sb2, Inc., to handle Mary's Medicaid application, and in June, an attorney from the firm submitted an application for Medicaid benefits on Mary's behalf. The ODJFS denied the application for benefits because Mary's household income was not verified, her household and personal income exceeded eligibility standards, and she did not meet non-financial criteria for Medicaid.

{¶ 3} In early November, Stonespring's attorney requested a state hearing on the denial. The attorney stated that Stonespring was Mary's authorized representative and that it had retained sb2 to pursue the hearing on Mary's behalf. In support, the attorney

submitted Mary's health care POA, the "Medicaid Authorized Representative Form," and letters stating that Stonespring represented Mary for purposes of pursuing Medicaid benefits. On November 9, the ODJFS denied the hearing request, stating, "An individual or organization filed a state hearing request on your behalf, and we do not have any record or written authorization from you that the individual or organization can act as your representative." Stonespring's attorney appealed this decision, and on November 27, the ODJFS affirmed. In its written decision, the ODJFS stated that a health care POA did not authorize an agent to request a state hearing on the principal's behalf or authorize an agent to designate another to represent the principal.

{¶ 4} On December 21, 2018, Stonespring filed an administrative appeal in the common-pleas court. While the appeal was pending, Mary died. She died on March 1, 2019, and on March 13, Stonespring filed a suggestion of death with the trial court and asked for a stay of the briefing schedule to allow time for an estate administrator to be appointed. Stonespring told the court that once the administrator was appointed, it would file a motion to substitute parties under Civ.R. 25(A). The trial court granted the requested stay.

{¶ 5} An administrator was appointed, and on May 6, 2019, Stonespring filed the promised "motion for substitution of party – deceased plaintiff"; it also separately filed a motion for leave to file an amended notice of appeal under Civ.R. 15(A), attached to which was the proposed amended notice. On May 17, the trial court granted the motion to amend but did not rule on the motion for substitution. The trial court ordered that "Appellant shall file the amended notice [of appeal] forthwith." Stonespring failed to separately file the amended notice of appeal. On June 11, the ODJFS asked the trial court

to dismiss the appeal for lack of jurisdiction based on Stonespring's failure to file an amended notice of appeal or, alternatively, to affirm its decision to deny a state hearing.

{¶ 6} On July 22, 2019, the trial court agreed that it lacked jurisdiction and dismissed the appeal. The court found that Stonespring had failed to file an amended notice of appeal within the six-month time period prescribed by the statute governing appeals of ODJFS decisions. As to the merits of the administrative appeal, the court said that even if it had jurisdiction, it would affirm the denial of the hearing for the reason that the ODJFS gave. The court reasoned that the health care POA did not give Charles Campbell, Mary's agent under the POA, the authority to designate Stonespring as Mary's authorized representative, so Stonespring was not authorized to request a state hearing on Mary's behalf.

{¶ 7} Stonespring filed a motion of appeal from the trial court's judgment on behalf of Mary Campbell.

## II. Analysis

{¶ 8} Stonespring assigns two errors to the trial court. The first challenges the court's conclusion that it lacked jurisdiction, and the second challenges the court's conclusion that Stonespring's attorney was not authorized to request a state hearing.

{¶ 9} About the applicable standard of review, the Ohio Supreme Court has stated:

"In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. * * * Absent an abuse of discretion on

the part of the trial court, a court of appeals must affirm the trial court's judgment. See *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685.

"The fact that the court of appeals * * * might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so."

*Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.*, 63 Ohio St.3d 705, 707, 590 N.E.2d 1240 (1992), quoting *Lorain City Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264 (1988). On issues of law, though, the Court has said that "[a]n appellate court's scope of review * * * is plenary." *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, 897 N.E.2d 1096, ¶ 43.

### A. The trial court's jurisdiction

{¶ 10} The first assignment of error alleges:

THE COURT OF COMMON PLEAS ERRED IN DISMISSING THE APPELLANT'S APPEAL FOR LACK OF JURISDICTION BECAUSE THE APPELLANT DID FILE AN AMENDED NOTICE OF APPEAL WITH THE COURT.

{¶ 11} Stonespring argues that the amended notice of appeal was filed when the trial court granted its motion for leave to file, because the proposed amended notice was attached as exhibit A to the motion for leave. Although we disagree with Stonespring's argument that attaching a proposed amended notice of appeal to the motion for leave

complied with the filing ordered by the trial court, we conclude that the trial court erred by dismissing the administrative appeal for lack of jurisdiction for a different reason.

{¶ 12} By statute, all that is necessary to perfect an administrative appeal is to file a notice of appeal with the common pleas court. R.C. 2505.04 states that an administrative appeal "is perfected when a written notice of appeal is filed." The statute further states that "[a]fter being perfected, * * * no step required to be taken subsequent to the perfection of the appeal is jurisdictional." Similarly, with respect to an appeal of an ODJFS decision in particular, R.C. 5101.35(E)(3) states that "[f]iling notice of appeal with the court shall be the only act necessary to vest jurisdiction in the court." Here, there is no dispute that Stonespring timely filed a notice of appeal with the common pleas court, so the trial court was vested with jurisdiction.[1]

{¶ 13} We conclude that the trial court's jurisdiction, once acquired, was not lost by the failure of substitution. Civ.R. 25 establishes the procedure for continuing an action after a party dies. Under the rule, when a party dies, the party's attorney must file a suggestion of death. *See* Civ.R. 25(E). Civ.R. 25(A) states that then, if the claim is not extinguished by the death, the court, upon motion, must substitute the proper party. Here, there is no indication that the claim was extinguished by Mary's death. Stonespring filed a timely suggestion of death and then filed a motion asking the trial court to substitute the administrator of Mary's estate, the proper party. For whatever reason, the trial court did not rule on that motion.

---

[1] A reasonable argument could be made that the trial court lacked jurisdiction because the notice of appeal, filed while Mary was alive, was filed by the law firm without adequate authority to represent her. However. this is not how the issue was presented to us or the trial court.

{¶ 14} Curiously, at the same time it filed the motion for substitution, Stonespring filed its motion for leave to amend its notice of appeal. In our opinion this was not necessary. The trial court ruled only on this amended-notice motion but not on the motion for substitution. When Stonespring did not separately file the amended notice of appeal, which was attached to its motion to amend as Exhibit A, the court dismissed the case. We believe the motion to substitute was timely and all that was procedurally necessary was to substitute the special administrator appointed by the probate court to proceed with the appeal. Civ.R. 25(A)(1) states "(1) If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties." We conclude the court was required to grant the timely and complete motion for substitution, and the court in these circumstances did not lose jurisdiction by not substituting the estate administrator as the appellant.

{¶ 15} The first assignment of error is sustained.

### B. Authority to request a state hearing

{¶ 16} The second assignment of error alleges:

THE COURT OF COMMON PLEAS ERRED IN AFFIRMING THE APPELLEE'S DECISION BECAUSE MS. CAMPBELL DID PROPERLY AUTHORIZE STONESPRING AS HER AUTHORIZED REPRESENTATIVE TO REQUEST A STATE HEARING ON HER BEHALF.

{¶ 17} Stonespring contends that "plain language" in the health care POA granted Charles Campbell the authority to pursue Medicaid benefits on Mary's behalf. The POA pertinently states:

**Authority of Agent**. * * * [M]y agent has full and complete authority to make all health care decisions for me. The authority includes, but is not limited to, the following:

> * * *

> 8. To select, employ and discharge health care personnel and services providing home health care and the like.

> * * *

> 11. To complete and sign for me the following:

> * * *

>> • Any other document desirable or necessary to implement health care decisions that my agent is authorized to make pursuant to this document.

Stonespring argues that the document that Charles signed purporting to designate it as Mary's authorized representative for Medicaid was necessary "to implement health care decisions." It says that, without Medicaid benefits, Mary could not have paid her medical bills and would have been without treatment.

{¶ 18} As an initial matter, we note that there is no evidence to support Stonespring's claim that without Medicaid benefits Mary would have been without medical care. But the real problem with Stonespring's argument is that it ignores the definitions of "health care decision" and "health care" in the health care POA itself and under the governing law. These definitions plainly do not encompass Medicaid benefits.

{¶ 19} " 'A power of attorney * * * is a written instrument authorizing an agent to perform specific acts on behalf of the principal.' " *Cartwright v. Batner,* 2014-Ohio-2995,

15 N.E.3d 401, ¶ 67 (2d Dist.), quoting *In re Guardianship of Simmons,* 6th Dist. Wood No. WD-02-039, 2003-Ohio-5416, ¶ 25. "Durable powers of attorney for health care in Ohio are effective for 'health care decisions.' " *Primmer v. Healthcare Industries Corp.*, 2015-Ohio-4104, 43 N.E.3d 788, ¶ 16 (4th Dist.). In Ohio, a power of attorney for health care is governed by R.C. 1337.11 to 1337.17. "Health care decision" is statutorily defined as "informed consent, refusal to give informed consent, or withdrawal of informed consent to health care." R.C. 1337.11(H). "Health care" "means any care, treatment, service, or procedure to maintain, diagnose, or treat an individual's physical or mental condition or physical or mental health." R.C. 1337.11(G). The health care POA here contains definitions for both terms that are almost identical to the statutory definitions. We note too that the POA also contains a definition of "health care power of attorney" that states, "[a] Health Care Power of Attorney is NOT a financial power of attorney."

{¶ 20} We do not believe that the decision to designate an authorized representative for Medicaid purposes is a decision on informed consent to care, treatment, service, or procedure to maintain, diagnose, or treat a principal's physical or mental health or condition. While decisions about health care are covered by a health care POA, decisions about how to pay for health care would be covered by a financial power of attorney. Therefore Charles Campbell did not have the authority under Mary's health care POA to designate Stonespring as her authorized Medicaid representative.

{¶ 21} Charles's attempted designation of Stonespring as Mary's Medicaid representative failed for another reason too. It does not appear in the record that the conditions required for him to exercise his authority under the health care POA were satisfied. R.C. 1337.13 states that "[a]n attorney in fact under a durable power of attorney

for health care shall make health care decisions for the principal only if the instrument substantially complies with section 1337.12 of the Revised Code and specifically authorizes the attorney in fact to make health care decisions for the principal, *and only if the attending physician of the principal determines that the principal has lost the capacity to make informed health care decisions for the principal*." (Emphasis added.) R.C. 1337.13(A)(1). Also, the second paragraph of the POA here pertinently states, "I understand that my agent can make health care decisions for me *only whenever my attending physician has determined that I have lost the capacity to make informed health care decisions*." (Emphasis added.). This statement is echoed in the POA's definition of "health care power of attorney," which defines a health care POA as "a legal document that lets the principal authorize an agent to make health care decisions for the principal *in most health care situations when the principal can no longer make such decisions*." (Emphasis added.). There is no evidence here that Mary had lost the capacity to make informed health-care decisions for herself, let alone evidence that her attending physician ever made this determination.

{¶ 22} ODJFS regulations state that a state hearing request may be denied if "[t]he request was not made by the individual or authorized representative, or written authorization specifically designating the person making the request to act on the individual's behalf was not submitted with the request." Ohio Adm.Code 5101:6-5-03(C). The ODJFS denied a state hearing in this case because neither Stonespring nor its attorney was authorized to request a hearing on Mary's behalf, and the trial court agreed. The trial court correctly concluded that ODJFS properly denied a hearing, because Stonespring was not an authorized representative of Mary Campbell.

{¶ 23} The second assignment of error is overruled.

### III. Conclusion

{¶ 24} We have sustained the first assignment of error and overruled the second assignment of error. We reverse the trial court's judgment that it did not have jurisdiction over the administrative appeal, and we remand for the trial court to enter judgment in favor of ODJFS for he reasons stated in this opinion.

. . . . . . . . . . . . .


WELBAUM, P.J. and TUCKER, J., concur.


Copies sent to:

Nicholas A. Kulik
Theresa R. Dirisamer
Hon. Mary L. Wiseman